BARNWELL *et al. vs.* WOFFORD *et al.*

1. It was not the intention of the act of 1881 (acts 1880–81, page 124) to interfere with pre-existing liens, or to hinder and delay parties in the ordinary rights provided by law for the exercise of their usual common law remedies. Nor did it make the grant of injunction and appointment of a receiver mandatory, but gave a new remedy to creditors against insolvent traders, and left such action discretionary, as heretofore, under the facts of the case.
2. In this case it appears that the lien debts were sufficient to exhaust the assets, and there was no contest among them which required equitable interference. Hence injunction at the instance of other creditors would be fruitless.

Equity. Injunction. Debtor and Creditor. Insolvency. Before Judge FAIN. Bartow Superior Court. November Term, 1881.

Reported in the decision.

GRAHAM & FOUTE, for plaintiffs in error.

JAMES M. NEAL; AKIN & AKIN; W. H. DABNEY, for defendant.

CRAWFORD, Justice.

This was a bill filed by Nancy Barnwell *et al.* against William T. Wofford *et al.*, as his creditors, alleging that Wofford was indebted to them in various sums, which were past due, and the payment of which had been demanded and refused. That Wofford was a dealer in real estate, and a trader in the meaning of an act of the legislature, approved September 28th, 1881, to authorize proceedings in certain cases of insolvency.

The bill alleged further that the defendant, Wofford, had conveyed parcels of his real estate to secure certain of his creditors, and had mortgaged other parts thereof to secure other creditors, whilst there were still other tracts unconveyed by mortgage or otherwise. That there are other creditors who have obtained judgments, and have executions which are levied upon most of his property, and have the same now advertised for sale. That if the said property, with its various liens upon it, should be sold at sheriff's sale, it would be likely to be sacrificed and the debts lost.

The prayer of the bill was for injunction and receiver, and an account of the debts and assets to be collected and distributed by the court upon final decree as in cases of creditors' bills.

The defendant, Wofford, answered the bill, admitted the allegations, and did not resist the application.

The other defendants answered, setting up their various claims and liens on the property of the defendant. Some of them admitted the insolvency of Wofford, and it was denied by none.

This bill does not make such a case as to authorize the granting of an injunction and the appointment of a receiver under the law as hitherto recognized by this court.

Such powers by a chancellor are always to be exercised with great caution and circumspection. Fraud or imminent danger, if the intermediate possession should not be

taken by the court, must be clearly shown.   Kerr on Receivers, p. 9, notes, 1–4;  10 *Ga.*, 281;  39 *Ib.*, 44.

But it is claimed that the facts set forth in the bill bring the parties and the subject matter within the act of September 28th, 1881.

This act appears to us to have been intended to authorize the marshaling the assets of one who is a trader and becomes insolvent, and to proceed to collect and appropriate the same to the payment of his debts.   Yet we are not satisfied that the power to grant injunctions and appoint receivers was made mandatory, but think it remained discretionary under the facts of each case as heretofore, and to be exercised only where the rights of the parties would be better preserved by taking possession of the assets and appropriating them to the claims of creditors.   It doubtless was intended to provide a new remedy for creditors against insolvent traders whenever it was made to appear that their rights would be better preserved by taking possession of the assets, and thus securing the creditors against their misappropriation.   But it was never intended to interfere with pre-existing liens, or to hinder and delay parties in the ordinary rights provided by law for the exercise of their usual common law remedies.

In this case it appears from the record, and by the finding of the chancellor, that the lien debts were sufficient to exhaust the entire assets of the defendant, and besides that there was no conflict between these different classes of creditors, nor between creditors of the same class requiring equitable interference.

If, therefore, an injunction had been granted and a receiver appointed, the effect would have been to impair the efficiency of the liens, which was never contemplated by the act, and to waste the estate in a fruitless effort to benefit creditors who are beyond the reach of all equitable relief.

Indeed, there would have been a benefit to no one ex-

cept the debtor himself, whose support must have been withdrawn from the property to which the liens had attached.

Before the complainants were entitled to an injunction and receiver they should have shown assets more than sufficient to pay all the special and judgment liens; otherwise their interference would have been simply mischievous and inequitable.

Judgment affirmed.