## ELAM *vs.* HAMILTON.

[On account of providential cause, JACKSON, Chief Justice, did not preside in this case.]

1. A distress warrant, unless arrested by counter-affidavit, is final process, and may be levied on any property belonging to the debtor, and the same may be advertised and sold as in cases of levy under

execution. The only difference between the lien of an ordinary common law judgment, and that arising under an uninterrupted distress warrant, is that the former binds the property of the defendant from its date, and the latter from the time of the levy. They both have the same general lien on the defendant's property, as qualified above.

2. When a counter-affidavit is filed, the process then becomes mesne, and the proceeding amounts to a suit for the rent; and pending the same, an action of complaint will not lie for the rent covered by the warrant, unless the proceeding under the distress warrant is so defective that no recovery can possibly be had thereon. 66 *Ga.*, 729; 34 *Ib.*, 180.

November 28, 1882.

CRAWFORD, Justice.

[On November 15, 1881, Elam brought his action of complaint against Hamilton in a justice's court, founded on a promissory note, dated January 1, 1878, due January 1, 1879, to Mrs. Tummons for rent. The defendant filed a plea in abatement, alleging that on February 15, 1879, Mrs. Tummons had sued out a distress warrant for rent, based on the same debt; that it had been levied on the tools of defendant, and was standing undisposed of.

On the trial, the evidence showed that the distress warrant had been issued and levied, and that a counter-affidavit had been filed and remained undisposed of. The justice rendered a judgment sustaining the plea, and plaintiff carried the case to the superior court by *certiorari.* On the hearing, the judge dismissed the *certiorari*, and plaintiff excepted.]