SULLIVAN, receiver, *v.* McDONALD.

Where creditors file a petition under the act of September 28, 1881, " to authorize proceedings in equity in certain cases of insolvency," and the judge acts thereon by the appointment of a receiver who takes charge of the property, one of the judgment creditors cannot be allowed, on his subsequent petition, to sell the property or any part of it under his judgment and execution, and thus deprive the court of administering the property under the provisions of the act, which contemplates that the whole estate of the debtor shall be administered by the court.   If, at the time of the applica-

tion for receiver, there exist against the debtor liens sufficient to consume the entire estate, the court will not appoint a receiver. If the estate is large and the liens are of small amount, the court on proper showing may appoint a receiver; but having done so, it must fully administer the estate for the best interests of the debtor and creditors.

October 17, 1890.

Equity. Insolvency. Receivers. Liens. Debtor and creditor. Practice. Before Judge RICHARD H. CLARK. Fulton county. At chambers, July 30, 1890.

Reported in the decision.

BROYLES & SONS, for plaintiff in error.

J. B. CONYERS, contra.

SIMMONS, Justice.

It appears from the record in this case that in January, 1890, Williams and other creditors filed their bill, under the act of September 28th, 1881, entitled "An act to authorize proceedings in equity in certain cases of insolvency," etc., against A. C. Ladd, making the proper allegations in accordance with the act, and applying for the appointment of a receiver to take charge of his property. This petition was presented to Judge MARSHALL J. CLARKE, judge of the superior court of the Atlanta circuit, and on the 11th of January he passed an order appointing Sullivan receiver of said property and directing that as such he take charge of the same, to be held and managed under the direction of the court. On the 26th of July, 1890, G. L. McDonald filed his petition to the superior court of said county, alleging in substance that on January 11th, 1876, he obtained a verdict and judgment against A. C. Ladd et al.; that on the 28th of February, 1876, execution issued and was levied on certain lands and lime-kiln property of Ladd; that Mrs. Ladd interposed a claim, which was tried and the property found subject; that she moved for a new trial, which was refused by the court, and

the Supreme Court affirmed the judgment; that Ladd then filed an affidavit of illegality, upon which a trial was had and a verdict rendered in favor of the plaintiff; that afterwards, in December, 1889, Ladd presented a petition for injunction, relief, etc., praying that the petitioner's *fi. fa.* be enjoined from proceeding, and that this was refused. The petition then sets out the proceedings for the appointment of Sullivan as receiver, and alleges that Sullivan had taken possession of the property of Ladd as receiver, including the lands and lime-kiln property which had been levied on by the petitioner's *fi. fa.* And the petitioner prayed that a rule *nisi* might issue requiring Sullivan as receiver to show cause why the *fi. fa.* should not proceed to sell the property of Ladd, or enough of it to pay the *fi. fa.* The rule *nisi* was issued and served upon Sullivan, who demurred to the same on the ground that it contained no sufficient allegations, if true, to authorize the granting of the prayer thereof. This demurrer was overruled, and it was adjudged that the petitioner have leave to proceed with his execution and advertise and sell enough of the property of Ladd in the hands of Sullivan to fully pay off his claim, the balance, if any, to be turned over to the receiver, who should continue to operate the property as he was then operating it, until it should be sold by the sheriff. The receiver excepted to the overruling of the demurrer and the order granting the petitioner leave to proceed as stated. This petition was heard and acted on by Judge RICHARD H. CLARK, judge of the Stone Mountain circuit, in the absence of Judge MARSHALL J. CLARKE, judge of the Atlanta circuit.

Under these facts, we think the judge erred in granting leave to McDonald to sell the property or any part thereof which prior thereto had been placed in the hands of a receiver of the court. We think that where

creditors file a petition under the act of 1881, *supra*, and make the proper allegations therein, and the judge acts thereon by the appointment of a receiver who takes charge of the property, he cannot afterwards, upon the petition of one of the judgment creditors, allow such creditor to sell the property or any part thereof under his judgment and execution, and thus deprive the court of administering such property under the provisions of the act. We think the act contemplates that when the court appoints a receiver and takes charge of the property of the debtor, the whole estate of the debtor shall be administered by the court. The act prescribes that it shall be in the power of the court, under the creditors' bill, "to collect the assets, real and personal, including choses in action and money, and appropriate the same to the creditors of such trader." . . "And the assets shall be divided *pro rata* among the creditors, preserving all existing liens." The act also gives the judge power to make a suitable allowance for the debtor pending litigation, and authorizes him on final judgment to recommend the discharge of the debtor from all his liabilities. It was doubtless the intention of the legislature in passing the act, to bring all the assets of the debtor into a court of equity, so that the court might fully administer upon the estate of the debtor. The court is to order the property sold at the proper time by its receiver, and the proceeds of the sale brought into court and paid out according to the priority of the claims against the debtor. Nor does it matter, in our opinion, that there are existing liens against the debtor when the application is made to the court for the appointment of a receiver. If these liens are sufficient to consume the entire estate, the court will not appoint a receiver, as was decided by this court in *Barnwell* v. *Wofford*, 67 *Ga.* 50, and in other cases subsequent thereto. If the estate is large and the liens are of small amount, the

court, upon a proper showing, may appoint a receiver, and when it does so, it must fully administer the estate for the best interests of the debtor and the creditors. We do not think the court could properly administer the estate of the insolvent debtor if each judgment creditor having a small judgment against the debtor were allowed to interfere with the administration by selling the property piecemeal. It appears from the record in this case that Ladd was indebted some $25,-000, and that his estate was very valuable, but was not sufficient to pay off this large indebtedness; it also appears that the judgment lien of McDonald was for $366.26 principal, besides interest. To allow McDonald to sell such a large amount of property under this small execution, would interfere very greatly with the proper administration of the estate by the court, and might be calculated to injure a large number of other creditors. Moreover, the record discloses that there were other judgment creditors besides McDonald; and it does not appear whether McDonald's judgment is older than the other judgments. If one creditor having a lien be allowed to sell a portion of the property, why may not the other lien creditors do likewise, and thus take the estate out of the hands of a court of equity and put it back in a court of law? The whole amount of the liens may not in this case amount to more than $1,000, and yet, according to the contention of counsel for the defendant in error, the value of the estate may be frittered away by successive sales of portions thereof under these small liens. This would seriously interfere with the proper administration of the estate by the court. The proper construction of the act is, that where there are not sufficient liens to exhaust the estate, the court in a proper case made should take charge of the estate and administer it, selling it at the proper time, and bring the money into court and divide it according to law.                                        *Judgment reversed.*