## McDONALD v. McDONALD et al.

The suit being founded upon a sealed note or single bond and brought within twenty years after the maturity of the instrument, and there being no plea of *non est factum*, and no evidence that the words " witness my hand and seal " were not a part of the instrument when executed, it was error to charge that if these words were inserted after the execution and without the knowledge or approval of the maker, the presumption of law is that it was paid.

August 14, 1894.　　　　　　　　　　　　　　*Judgment reversed.*

Appeal.　Before Judge HUNT.　Henry superior court. October term, 1893.

In March, 1892, suit was brought on a promissory note for $100, dated March 1, 1878, and due ten months afterwards.　No plea by defendant appears in the record, but the defence seems to have been payment.　The note was under seal, and the words " witness my hand and seal " appeared to be in a different handwriting and in different colored ink from that in the body of the note. The verdict was for the defendant, and plaintiff's motion for a new trial was overruled.　The material ground of the motion appears from the head-note.

J. F. WALL, J. S. BOYNTON and STEWART & DANIEL, for plaintiff.　F. D. DISMUKE and E. J. REAGAN, *contra.*

---

## REDDICK & WEBSTER v. HUTCHINSON.

Where the owner of land puts another in possession thereof under a parol contract to allow the latter to purchase it at a given price and pay for it in annual installments, but on condition that if he was not able to pay for the land he should pay as rent for the same each year he occupied it ten per cent. of the price agreed upon and the taxes on the land, and the occupant of the land failed for two years to make any payment to the owner, either as purchase money or as rent, the relation of landlord and tenant existed between the parties as to the second year's occupation, and a distress warrant sued out by the landlord for the rent due under the contract for that year had, as to the tenant's crop of

that year, priority over a general judgment of older date against the tenant. *Judgment affirmed.*

August 14, 1894.

*Certiorari.* Before Judge JENKINS. Putnam superior court. September term, 1893.

S. T. WINGFIELD, for plaintiff in error.

---

ADAMS *v.* SPIVEY.

Where tenants in common agree by parol upon a partition, defining in the agreement the boundaries of the part assigned to each in severalty, and each enters into possession, thus executing the agreement, the partition clothes each with a perfect equity and is thus the equivalent of legal title; and on such title recovery may be had in ejectment, or in a statutory action for land, against one who subsequently enters without a better title.

August 14, 1894.        *Judgment reversed.*

Complaint for land. Before Judge BARTLETT. Jasper superior court. September term, 1893.

Mrs. Adams sued Spivey for a lot in the town of Machen. A nonsuit was granted, and plaintiff excepted. It appears from the evidence, among other things, that the lot in dispute is a part of land left by the will of Matthew Whitfield to his four grandsons equally. On December 29, 1869, one of these grandsons conveyed his interest to Hill. In 1874 Hill and the other three legatees agreed upon a division of the lands, and the same were divided by commissioners; but whether they made a written report or the agreement was in writing does not appear. After the division each party went into the possession of the part allotted to him. On March 23, 1875, Hill made to plaintiff the deed under which she claims the lot in dispute. He died in that year. A survey and plat were made for her, which plat was in evidence; and there was considerable testimony as to boundary lines, which need not be recited here.

A. M. SPEER and J. H. HOLLAND, for plaintiff.