## LANG *v.* MACON CONSTRUCTION COMPANY *et al.*

Though an action was begun against an insolvent corporation before a receiver to take charge of its assets had been appointed under the provisions of section 2716 et seq. of the Civil Code, a judgment rendered in that action after the receiver's appointment was not, in the distribution of funds arising from a sale by him of the corporate assets, entitled to any priority over judgments rendered in favor of unsecured creditors in the equitable proceeding under which such receiver was appointed.

Argued February 25, — Decided June 10, 1897.

Equitable petition — intervention.   Before Judge Felton. Bibb superior court.   April term, 1896.

*Smith & Jones*, for plaintiff.

Cobb, J.   Horne filed suit against the Macon Construction Company on August 7, 1890, and obtained a judgment on December 11, 1891.   Execution was issued on January 26, 1892, which was duly transferred to Lang, the plaintiff in error.   The execution was entered on the general execution-docket of Bibb county on January 29, 1892.   On March 10, 1891, McTighe & Company filed their petition in equity against the Macon Construction Company, asking for the appointment of a receiver of its assets, and on March 14, 1891, a receiver was appointed to take charge of all of its property.   On February 6, 1893, Lang filed his intervening petition in the cause, which, with amendments afterwards allowed, alleged that his judgment lien was superior to the claims of other creditors upon the property which had been taken charge of by the receiver.   He prayed that his judgment might be paid in full out of the fund arising from the sale of the property of the Macon Construction Company.   There were no other interventions in the case asking for priority of payment out of the fund.   Other creditors who had obtained judgments in the suit filed by McTighe resisted the application of Lang, and contended that the fund in court should be distributed pro rata among all the creditors whose judgments had been obtained after the petition for receiver was filed, whether such judgments were obtained in the suit in which the receiver was appointed or in independent proceedings.   The court held that Lang was not entitled to any preference, and directed that the fund should be distributed

pro rata among all the creditors whose judgments had been obtained after the receiver took charge of the property. To this decision Lang excepted.

It is well settled that when a court of equity, in the administration of the assets of a debtor, lawfully takes into its possession through the medium of a receiver the assets and property of a debtor, no creditor can obtain any preference by lien on any judgment rendered after the receiver has the property of the debtor actually in his possession; and this is true even though the suit upon which the judgment was rendered was filed before the receiver actually took charge of the property. If the judgment is rendered prior to the appointment of a receiver, the court will preserve the lien so obtained. Beach on Receivers, 2 ed. pp. 194, 664; High on Receivers, 3 ed., § 423; Gluck & Becker on Receivers of Corporations, 2 ed., pp. 22, 23.

The petition in this case having been filed under the provisions of sections 2716 et seq. of the Civil Code, it is necessary to decide whether anything in these sections alters this rule. Section 2719, which deals with the subject, provides: "Upon the appointment of a receiver, no creditor shall acquire any preference, by any judgment or lien, on any suit or attachment, under proceedings commenced after the filing of the petition, and all assignments and mortgages to pay or secure existing debts, made after the filing of said petition, shall be vacated, and the assets divided pro rata among the creditors, preserving existing liens."

The rule as to the preservation of liens existing at the time of the appointment of the receiver, is distinctly recognized and kept in force. Is there anything in this section which changes or alters the other part of the rule, which prevents the lien of a judgment obtained after the possession of the receiver has begun from attaching to the property taken charge of by the court? If there is nothing in the section distinctly abrogating the well-settled rule, it is still in force. The only language apparently in conflict is the following: "No creditor shall acquire any preference by any judgment or lien, on any suit or attachment, under proceedings commenced after

the filing of the petition." If these words are construed to mean that a judgment obtained after the receiver is appointed is to be given preference in the distribution of the assets taken charge of by the court, the division "pro rata among all the creditors, preserving existing liens," which is provided for in the latter part of the section, can not be had. Existing liens must be recognized, and when paid, the residue must be divided pro rata. To recognize a subsequently acquired lien and pay it in preference to other liens would entirely destroy the scheme of pro rata payment among the creditors who had no lien at the time of the filing of the petition. The purpose of the act is to provide for the payment of existing liens, and a pro rata distribution of the residue among the creditors; and a construction by which this plan is not only antagonized, but entirely ignored, must not be followed. There was no error in refusing priority of payment to Lang's judgment.

*Judgment affirmed. All the Justices concurring.*