## In re GROVENSTEIN-BISHOP CO.

(District Court, N. D. Georgia. February 20, 1915.)

No. 3745.

1. BANKRUPTCY ⬤⟿345—BANKRUPTCY OF TENANT—LIEN OF LANDLORD—PRIORITY AS AGAINST CLAIM OF GENERAL CREDITORS.

A lien of a landlord exists from the beginning of the tenancy, enforceable by a ministerial act of proper officer, and is superior to the claim of general creditors of the tenant, adjudged a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. ⬤⟿345.]

2. BANKRUPTCY ⬤⟿191—CLAIMS—PRIORITY.

Under Bankr. Act July 1, 1898, c. 541, § 47, cl. 2, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), giving to trustees in bankruptcy, as to all property coming into the custody of the court, the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings; a trustee in bankruptcy of a tenant has a judgment lien superior to any claim of the landlord, entitled

under Civ. Code Ga. 1910, § 3340, to a special lien on crops and a general lien on the property of the debtor liable to levy and sale, which general lien dates from the time of the levy of distress warrant to enforce the same, where the landlord did not take out a distress warrant until after bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. ☞191.]

In Bankruptcy. In the matter of the Grovenstein-Bishop Company, bankrupt. The Haralson Warehouse Company, presenting a claim, adjudged a general creditor only.

Hendrix & Silverman, of Atlanta, Ga., for petitioning creditor.

A. H. Freeman, of Newnan, Ga., for bankrupt.

T. F. Rawls, of Newnan, Ga., for claimant.

NEWMAN, District Judge. [1] The question in this case is as to the rank of a landlord's lien for rent. In the present case the landlord took out his distress warrant after the bankruptcy proceedings had commenced, and has filed it, together with a proof of claim, in the bankruptcy proceeding.

This court rendered a decision in the case of In re Dougherty Co. (D. C.) 109 Fed. 480, and established a rule which has been acted on in this district until the decision of Henderson v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233. Mr. Justice Lamar, delivering the opinion of the court in that case, says:

"The provisions of the Bankruptcy Act, preventing an insolvent from giving or the creditor from securing preferences for pre-existing debts, apply not only to mortgages and transfers voluntarily made by the debtor, but also to those preferences which are obtained through legal proceedings, whether the lien dates from the entry of the judgment, from the attachment before judgment, or, as in some states, from the levy of execution after judgment. But the statute was not intended to lessen rights which already existed, nor to defeat those inchoate liens given by statute, of which all creditors were bound to take notice and subject to which they are presumed to have contracted when they dealt with the insolvent."

Again in the opinion he says:

"The fact that the warrant could be levied upon property which had never been on the rented premises does not change the nature of the landlord's right, though it may increase the extent of his security. The statutory restrictions as to date, rank, and priority may be important in a controversy with other lienholders, but were wholly immaterial in this contest between the landlord and trustee, where the latter was only representing general creditors. As against them the landlord had from the beginning of the tenancy the right to a statutory lien, which had completely ripened and attached before the filing of the petition in bankruptcy. The priority arising from the levy of the distress warrant was not secured because Mayer had been first in a race of diligence, but was given by law because of the nature of the claim and the relation between himself as landlord and Burns as tenant. In issuing the distress warrant the justice acted ministerially. Savage v. Oliver, 110 Ga. 636 [36 S. E. 54]. The sheriff was not required to return it to any court, and no judicial hearing or action was necessary to authorize him to sell for the purpose of realizing funds with which to pay the rent. Such a lien was not created by a judgment now 'obtained through legal proceedings.'"

I think these two extracts from this opinion show that it was the view of the Supreme Court that a lien in favor of the landlord existed

from the beginning of the tenancy, inchoate in a way, perhaps, but a lien nevertheless, and all that was required was a ministerial act of the proper officer, say a justice of the peace, in enforcing it. This lien would be superior to the claim of general creditors under this decision in my opinion.

[2] The next contention here is that Act June, 1910, § 8, giving to trustees in bankruptcy, as to all property coming into the custody of the court, "all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon," gave to the trustee in this case a judgment lien superior to any claim of the landlord.

I do not see how there can be any doubt that the trustee's lien is superior to the lien of the landlord in this case. The Code of the State of 1910, § 3340, gives landlords a special lien on crops and also a general lien on the property of the debtor liable to levy and sale, "and such general lien shall date from the time of the levy of distress warrant to enforce the same." The act of June, 1910, amendatory of the Bankruptcy Act, which has been referred to, had as its main purpose the preventing of unrecorded mortgages and conditional sales from having priority over general creditors; but its effect seems to me unquestionably to defeat these claims for rent, where there is no distress warrant taken out and levied before the bankruptcy proceeding. The trustee gets a general judgment lien, and, it seems to me, necessarily has priority over a landlord's general claim for debt, in the absence of the obtaining of a distress warrant and the levy of the same.

The original legislative act refers to "the general lien of landlords for rent when reduced to execution and levy" (Acts 1873, p. 44), and the section of the Code, as indicated, says, speaking of the general lien of the landlord, that it "shall date from the time of the levy of the distress warrant to enforce the same." I think, as has been stated, that there is a lien existing all along, without reference to the issuance or levy of distress warrant, in favor of the landlord, which must be superior to general creditors; but it is not superior to judgments obtained against the property of the bankrupt, and that is what the trustee has under this amendment of June, 1910.

The case of Henderson v. Mayer, to which I have referred, was determined in the District Court prior to the amendment of the Bankruptcy Act giving to trustees a lien, so that the question as to the effect of this lien was not raised in that case, While the effect of that case is clearly to maintain the claim of the landlord for rent over the claim of general creditors, certainly from the time of issuing the distress warrant, I do not think it can be invoked in this case to show that the rights of the landlord, the Haralson Warehouse Company, are prior in dignity to the lien of the trustee as he now stands, armed with a judgment "as by legal or equitable proceedings." Even if it can be held that the distress warrant was properly taken out, it was never levied.

I think the decision of the referee, which was that the claim of the Haralson Warehouse Company was simply that of a general creditor and could only be proved in that way, must be sustained.