## SOUTHERN RY. CO. v. WILDER.

### In re JONES BROS. & CO.

(Circuit Court of Appeals, Fifth Circuit. April 13, 1916.)

### No. 2868.

BANKRUPTCY ☞191(1)—LIENS—PRIORITY—LANDLORD.

Under Civ. Code Ga. 1895, § 2787, establishing liens in favor of land-lords, section 3124, empowering them to distrain for rent as soon as the same is due, and section 2795, giving them a general lien on the prop-erty of the tenant liable to levy and sale, which dates from the levy of the distress warrant to enforce the same, the lien of the landlord for rent prior to distress is inchoate, and covers no specific property, and gives no priority over the lien given to the trustee in bankruptcy by Bankr. Act July 1, 1898, c. 541, § 47a, 30 Stat. 557 as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 290; Dec. Dig. ☞191(1).]

Petition to Revise and Superintend Proceedings of the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

In the matter of Jones Bros. & Co., bankrupt. On petition by the Southern Railway Company against D. P. Wilder, trustee, to revise an order denying the petitioner the preference claimed by it. Petition for revision denied.

Sanders McDaniel and Edgar A. Neely, both of Atlanta, Ga., for petitioners.

Alex W. Smith, Alex W. Smith, Jr., and Curtis N. Anderson, all of Atlanta, Ga., for respondent.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The case shows that Jones Bros. & Co. was adju-dicated a bankrupt the 12th of March, 1915; thereafter, on the 2d day of April, 1915, the petitioner filed a petition in the bankruptcy court claiming that at the time of the adjudication in bankruptcy the bankrupt was indebted to the petitioner in the sum of $3,400 under a certain contract of rent at $200 per month; and thereafter on the 22d day of July, filed an amended petition before the referee, amplifying his petition, so as to claim a preference lien. The referee issued an order on the trustee to show cause, and thereupon the trustee answered, denying the lien and preference claimed by the petitioner.

On the hearing before the referee it was admitted that no distress warrant had ever been issued on the claim for rent, and thereupon it was decided that the preference claimed in behalf of the petitioner should be denied. On the petition for review before the District Court it was ordered and adjudged that the preference claimed by the petitioner should be denied.

In Henderson v. Mayer, 225 U. S. 638, 32 Sup. Ct. 699, 56 L. Ed. 1233, the Supreme Court, in passing upon the validity of the landlord's lien under the Georgia Code, said:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The Code (section 2787) expressly 'establishes liens in favor of landlords.' It (section 3124) gives them 'power to distrain for rent as soon as the same is due.' It declares (section 2795) that landlords 'shall have a general lien on the property of the tenant liable to levy and sale, * * * which dates from the levy of the distress warrant to enforce the same.' It is true that prior to levy it covers no specific property, and attaches only to what is seized under the distress warrant issued to enforce the lien given by statute. But in this respect it is the full equivalent of a common law distress, the lien of which is held not to be discharged by section 67f. In re West Side Paper Co., 162 Fed. 110 [89 C. C. A. 110, 15 Ann. Cas. 384]; Austin v. O'Reilly [Fed. Cas. No. 665], 2 Wood, 670."

The Bankruptcy Act of 1898 (section 47a, as amended in 1910) provides among other things as follows:

" * * * And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. * * * "

According to the decision in Henderson v. Mayer, supra, whatever lien the landlord may have in this case is inchoate and covers no specific property. In Elan v. Hamilton, 69 Ga. 736, 737, it is decided that:

"The only difference between the lien of an ordinary common-law judgment, and that arising under an uninterrupted distress warrant, is that the former binds the property of the defendant from its date, and the latter from the time of the levy. They both have the same general lien on the defendant's property, as qualified above."

It clearly follows that in this case the petitioner has no lien entitled to priority over the lien given to the trustee under the amendment of 1910.

The petition for revision is denied.