## WATKINS v. ALEXANDER & GARRETT, Inc.

### In re WEINGARTEN'S, Inc.

(Circuit Court of Appeals, Fifth Circuit. October 7, 1922.)

No. 3874.

1. Bankruptcy ⊂⇒191(1)—Landlord's general lien held inferior to trustee's lien, when petition filed before distress warrant levied.

Under Civ. Code Ga. 1910, §§ 3340, 3341, a landlord's general lien on the property of the tenant is inferior to that of a general judgment obtained before the levy of the distress warrant, and hence is inferior to the lien of a trustee in bankruptcy, under Bankruptcy Act July 1, 1898,

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

§ 47a, as amended by Act June 25, 1910 (Comp. St. § 9631), where petition in bankruptcy was filed before the distress warrant was levied.

**2. Bankruptcy ⚖152—Trustee's lien takes effect as of date of filing of petition.**
  The lien of a trustee in bankruptcy, under Bankruptcy Act July 1, 1898, § 47a, as amended by Act June 25, 1910 (Comp. St. § 9631), takes effect as of the date of the filing of the petition in bankruptcy.

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Proceeding in bankruptcy on a claim by Alexander & Garrett, Inc., as agent for John C. White and others, trustees under the will of J. B. White, against J. S. Watkins, trustee in bankruptcy of Weingarten's, Inc. A finding of the referee, denying priority, was reversed by the District Judge, and the trustee brings a petition to superintend and revise. Petition granted, and order of the District Court set aside.

William H. Fleming, of Augusta, Ga., for petitioner.
Lansing B. Lee, of Augusta, Ga., for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. On November 9, 1921, an involuntary petition in bankruptcy was filed in the United States District Court for the Southern District of Georgia, Northeastern Division, against Weingarten's, Inc., who was the tenant of a store belonging to the trustees under the will of J. B. White. Weingarten's, Inc., was adjudicated a bankrupt on December 6, 1921. On November 29th respondent sued out a distress warrant for $506 rent claimed to be due by said bankrupt, and had it levied on a portion of the stock of goods of the bankrupt in said store. After said adjudication respondent filed proof of claim for said rent, attaching thereto said distress warrant.

Said entire stock of goods, including those so levied on, was by order of the referee, consented to by all parties, sold free from liens, and respondent claimed priority of payment out of the proceeds by virtue of the alleged lien of the landlord under the distress warrant. This claim was opposed by the trustee in bankruptcy on the ground that no lien had been acquired by levy of a distress warrant prior to the filing of the involuntary petition in bankruptcy, and that such claim was inferior to his rights as such trustee. The referee so found, but on petition for review the District Judge reversed the referee's finding, adjudging that respondent's lien, under and by virtue of said distress warrant, was superior to the title and lien of the trustee in bankruptcy.

Said trustee in bankruptcy presented his petition to this court to review and revise the judgment of the District Court, insisting that under the law of Georgia the general lien of a landlord for rent dates only from the time of levy of a distress warrant therefor; that the same is inferior to the lien of general judgments of older date, and that as trustee in bankruptcy he is entitled to the rights of a general

judgment creditor as of the date of the filing the petition in bankruptcy; that the landlord acquired no superior lien by the distress warrant levied after the filing of said petition in bankruptcy although before adjudication.

[1] 1. The Civil Code of Georgia (Ed. of 1910) gives to the landlord the following liens:

"Landlords shall have a special lien for rent on crops made on land rented from them, superior to all other liens except liens for taxes to which they shall be inferior, and shall also have a general lien on the property of the debtor, liable to levy and sale; and such general lien shall date from the time of the levy of a distress warrant to enforce the same." Civil Code of Georgia, § 3340.

The lien in the case at bar is general, not special. The rank of such lien is stated to be:

"Such general lien of landlords shall be inferior to liens for taxes, and the general and special lien of laborers, but shall rank with other liens, and with each other according to date, the date being from the time of levying a distress warrant." Civil Code of Georgia, § 3341.

This general landlord's lien of the respondent would therefore have been inferior to that of a general judgment obtained on the day the petition in bankruptcy was filed. In a case where no levy was made of a distress warrant it was held by this court:

"The Bankruptcy Act of 1898 (section 47a, as amended in 1910) provides, among other things, as follows: '* * * And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. * * *' According to the decision in Henderson v. Mayer [225 U. S. 631], supra, whatever lien the landlord may have in this case is inchoate and covers no specific property. In Elan v. Hamilton, 69 Ga. 736, 737, it is decided that: 'The only difference between the lien of an ordinary common-law judgment, and that arising under an uninterrupted distress warrant, is that the former binds the property of the defendant from its date, and the latter from the time of the levy. They both have the same general lien on the defendant's property, as qualified above.' It clearly follows that in this case the petitioner has no lien entitled to priority over the lien given to the trustee under the amendment of 1910." Southern Ry. Co. v. Wilder (C. C. A.) 231 Fed. 933, 934, 146 C. C. A. 129, 130.

If the lien of the trustee, therefore, takes effect as of the date of the filing of the petition in bankruptcy, it would take effect as of November 9, 1921, and even if the levy of the distress warrant after the institution of proceedings in bankruptcy was valid, that lien would bear date as of November 29th, and be junior to the lien of the trustee in bankruptcy.

[2] That the lien of the trustee takes effect as of the date of the filing of the petition in bankruptcy we think is settled. Big Four Implement Co. v. Wright (C. C. A.) 207 Fed. 535, 537, 125 C. C. A. 577, 47 L. R. A. (N. S.) 1223; Everett v. Judson, 228 U. S. 474, 478, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154. The landlord could not obtain superior rights by an attempted levy made after the filing of the petition in bankruptcy. As has been said by the Supreme Court of the United States, where the holder of an unrecorded mortgage took possession of the mortgaged property after the filing of the petition in bankruptcy, but before adjudication—

"appellant's title was not perfected, as against the trustee in bankruptcy, by taking possession of the dredge under the mortgage after the filing of the petition in bankruptcy and before the adjudication. Since the amendment of section 47a (2) of the Bankruptcy Act by the Act of June 25, 1910, c. 412, § 8 (36 Stat. 838, 840), trustees have the rights and remedies of a lien creditor or a judgment creditor as against an unrecorded transfer. The estate was in custodia legis from the filing of the petition, and the title of the trustee related back to that date. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307; Everett v. Judson, 228 U. S. 474, 478." Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 649, 36 Sup. Ct. 466, 469 (60 L. Ed. 841).

The petition to revise is granted, and the order of the District Court, decreeing the respondent priority of payment of its claim for rent, is set aside.