TURNER v. SITTON.

RUSSELL, C. J. 1. The general lien given by section 3348 of the Civil Code (1910) to the landlord who furnishes to his tenant supplies necessary to make a particular crop is the equivalent, as to goods of the tenant upon which the aforesaid lien is foreclosed in accordance with the provisions of section 3366 of the Code of 1910, to the common-law distress. The lien does not ripen until its foreclosure, but it exists from the time the necessary supplies are furnished and supplied by the landlord; and the lien of the landlord thus foreclosed is not one obtained through legal process within the meaning of the anti-preference provisions of the bankruptcy law as embodied in section 67f of the act of 1898 (1 Fed. Stat. Ann. 1130, U. S. Comp. St. § 9651); Moseman v. Comer, ante, 106 (127 S. E. 406).

2. The bankruptcy act of 1898 differs from the provisions of the bankruptcy act of 1867, in the preservation of statutory liens such as that involved in this case; and for that reason the ruling of this court in Rountree v. Rutherford, 65 Ga. 444, based upon the provisions of the act of 1867, has no bearing upon the provisions of the bankruptcy act of 1898. "The general provisions of the bankruptcy act of 1898 indicate a purpose and intent, as against general creditors, to preserve rights such as those given by the Georgia statute to landlords, even though not enforced until within four months of the bankruptcy." Henderson v. Mayer, 225 U. S. 631, 632 (32 Sup. Ct. 699, 56 L. ed. 1233).

3. In view of what has been said in the preceding notes, the Court of Appeals erred in reversing the judgment of the trial court, which properly held that the lien of the landlord was enforceable, and that the property of the tenant, although he had been adjudged a bankrupt, was not discharged from liability thereunder.

*Judgment reversed. All the Justices concur.*

No. 4447. APRIL 15, 1925.

Certiorari; from Court of Appeals. 32 Ga. App. 401.

Harris & Harris, for plaintiff.   M. B. Eubanks, for defendant.