20714.  CORLEY-POWELL PRODUCE COMPANY INC. *v.* ALLEN *et al.*

BELL, J.  1. The general lien of a landlord for rent dates from the time of the levy of a distress warrant to enforce the same, and, as to the particular property seized, is not divested by the filing by the tenant of a counter-affidavit, where the tenant files neither a forthcoming nor a replevy bond and the property remains in the custody of the levying officer (Civil Code of 1910, § 5391; Ga. L. 1920, p. 147); and where the issue thus made results in a verdict and judgment in favor of the plaintiff landlord, the lien thereof as to the property seized or funds derived from a sale thereof relates back to the date of the levy and will take precedence over a common-law judgment rendered subsquently to such levy but before the final verdict and judgment in the distress-warrant proceeding.  Civil Code (1910), §§ 3340, 3341, 3701, 5390; *Elam* v. *Hamilton*, 69 *Ga.* 736; *Reddick* v. *Hutchinson*, 94 *Ga.* 675 (21 S. E. 712); *Wimberly* v. *Ocmulgee Guano Co.*, 21 *Ga. App.* 270 (2) (94 S. E. 288); *Andrews* v. *Sims*, 27 *Ga. App.* 338 (2) (108 S. E. 258); *Kirsch* v. *Witt*, 37 *Ga. App.* 402 (140 S. E. 511).

2. Section 3321 of the Civil Code of 1910, providing for the recording of executions upon the general execution docket, is intended for the protection of third persons acting in good faith and without notice, who may have acquired a *contractual* lien or transfer binding upon the defendant's property, and consequently has no application in the present contest between mere judgment liens.  *Griffith* v. *Posey*, 98 *Ga.* 475 (25 S. E. 515); *Jones* v. *Howard*, 96 *Ga.* 752 (22 S. E. 291).  The act of August 23, 1929 (Ga. L. 1929, p. 166), amending this section so as to provide that in counties having a population of more than 200,000 the lien of a judgment shall date only from the time the execution is entered upon such general execution docket, is also inapplicable, for the same reason.

3. The judge of the municipal court properly awarded the fund in controversy to the judgment in favor of the landlord, and the petition for certiorari, brought by the holder of the other judgment, to review the judgment of the appellate division affirming the refusal of a new trial, was as a matter of law without merit, and the judge of the superior court did not err in refusing to sanction the petition.

*Judgment affirmed.*  *Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 14, 1931.

*Noah J. Stone,* for plaintiff in error.

*Alston, Alston, Foster & Moise, William Hart Sibley,* contra.