## J. B. WITHERS CIGAR COMPANY *et al. v.*
## KIRKPATRICK *et al.*

No. 14479.  APRIL 15, 1943.  REHEARING DENIED JUNE 12, 1943.

*Benton E. Gaines,* for plaintiff.

*Craighead, Dwyer & Lavender, W. O. Slate, J. B. McCallum,* and *Noah J. Stone,* for defendants.

BELL, Presiding Justice.  J. B. Withers Cigar Company filed a suit in equity against Mrs. Lillian Kirkpatrick Jr., individually and doing business as Kirkpatrick Pharmacy, the action being brought as a creditors' petition against an insolvent trader, under the Code, title 28, chapter 4.  P. L. Bardin and King S. Cone, as trustees of the estate of Thomas H. Pitts, deceased, intervened for the purpose of asserting a landlord's general lien for rent.  The court sustained their claim of priority, and to this judgment the Cigar Company excepted.

Various other creditors intervened in the court below, and were named as parties to the bill of exceptions; but for present purposes the foregoing is a sufficient statement as to parties.  It is contended by the plaintiff in error, that, since there was no levy of distress warrant until after sanction and filing of the creditors' petition, the alleged lien was never perfected, or was not perfected in time, and therefore that it was not entitled to priority.  The facts pertinent to this contention were as follows:

The creditor's petition after sanction was filed at 3:02 p. m. on November 4, 1941.  It prayed that all creditors be required to intervene, for appointment of a receiver, and for general relief.

In connection with sanction, the judge issued a rule nisi, calling upon Mrs. Kirkpatrick to show cause, on a future date named, why the prayers of the petition should not be granted. It was further ordered that "in the meantime, the defendant is enjoined from changing the status of any of her property, and all other creditors of defendant are enjoined from proceeding in any other action to enforce their claims against the said defendant, and are entitled to intervene in this proceeding." A copy of the petition and order was personally served on Mrs. Kirkpatrick, the sole defendant, at 9:45 p. m. of the same day. At this time, she and the plaintiff Cigar Company were the only parties, and it does not appear that Bardin and Cone had any notice of the proceeding until after this date. They did not intervene until December 11.

On December 4, 1941, the court confirmed a sale of the assets by the receiver, and ordered that all liens be divested from the assets and transferred to the proceeds of such sale. On December 11, 1941, Bardin and Cone, as trustees, presented their intervention, asserting a landlord's general lien for rent, and praying that it be established as such, and that the sum claimed be ordered paid out of the funds in the hands of the receiver. Attached to the intervention was a copy of a distress warrant, with entries showing filing of the warrant in the office of the clerk of the civil court of Fulton County on November 4, 1941, at 12:33 p. m., and levy by a deputy marshal at 3:25 p. m., the property described in that levy being the assets that were later sold by the receiver. Objections to the allowance of such claim based on alleged landlord's lien were filed by the plaintiff Cigar Company in its own behalf and in behalf of other creditors similarly situated. On December 18, 1942, these objections were overruled, and judgment was rendered in favor of the intervenors for the amount claimed as a "lien creditor," with the right of priority claimed. To this judgment the Cigar Company excepted.

The plaintiff as a creditor instituted suit against its debtor under the insolvent-traders law, as contained in the Code, title 28, chapter 4. The controversy is between the plaintiff acting for itself and other unsecured creditors, and parties asserting preference or priority under an alleged landlord's general lien for rent. The parties last mentioned may be referred to as defendants in error, or simply as the landlord. The questions raised require considera-

tion of certain provisions of the insolvent-traders law, as well as the law relating to landlord and tenant. The following are the pertinent provisions of the law as to insolvent traders: "In case any corporation, not municipal, or any trader or firm of traders shall fail to pay, at maturity, any one or more matured debts, payment of which has been properly demanded of such debtor, and by him refused, and shall be insolvent, it shall be in the power of a court of equity, under a creditor's petition, to which one or more creditors, representing one third in amount of unsecured debts of such insolvent corporation, trader, or firm of traders, whose debts are matured and unpaid, shall be necessary parties, to proceed to collect the assets, real and personal, including choses in action and money, and appropriate the same to the creditors of such trader, firm of traders, or corporation." Code, § 28-402. "The judge, under such proceedings as are usual in equity, may grant injunctions and appoint receivers for the collection and preservation of the assets in the cases provided by this chapter, and may at any time appoint an auditor and take all proper steps to bring the matter to a final hearing." § 28-403. "Any creditor may become a party to said petition, under an order of the court, at any time before the final distribution of the assets, he becoming chargeable with his proportion of the expenses of the previous proceedings." § 28-404. "Upon the appointment of a receiver, no creditor shall acquire any preference, by any judgment or lien, on any suit or attachment under proceedings commenced after the filing of the petition, and all assignments and mortgages to pay or secure existing debts, made after the filing of said petition, shall be vacated, and the assets be divided pro rata among the creditors, preserving all existing liens." § 28-405.

As to liens of landlords, we have the following provisions: "The following liens are established in this State: . . 4. Liens in favor of landlords." Code, § 67-1701. "Landlords shall . . also have a general lien on the property of the debtor, liable to levy and sale, which general lien shall date from the time of the levy of a distress warrant to enforce the same." § 61-203. "The landlord's lien for his rent shall attach from the time of levying his distress warrant, but it shall take precedence of no lien of older date except as to the crop raised on the premises." § 61-403. The Code further provides for issuance of distress warrant on ex parte

affidavit of the landlord, his agent or attorney. § 61-402. Such a distress warrant is final process under which the property levied on may be sold as under other executions, unless it is arrested by a counter affidavit. *Elam* v. *Hamilton*, 69 *Ga.* 736; *Corley-Powell Produce Co.* v. *Allen*, 42 *Ga. App.* 641 (157 S. E. 251).

It is argued for the plaintiff that in view of the Code, § 28-403, providing for injunction and receiver for preservation of assets, and the provision declaring that the general lien of a landlord shall date from the time of the levy of a distress warrant to enforce the same, the landlord in this case was not entitled to priority, for the reason that the distress warrant was not levied until after the creditor's petition was filed. It is insisted that the insolvent-traders law was designed to prevent any creditor from acquiring a preference by judgment or lien after the filing of the creditor's petition, and that under the facts of the case the present alleged lien would constitute a preference under section 28-405. It is further contended, that although the receiver was not appointed until after the distress warrant was levied, the restraining order prevented the making of a valid levy, but, even if not, the appointment of the receiver related to the filing of the petition, and hence annuled the levy that was made in the meantime. Compare *May* v. *Printup*, 59 *Ga.* 128; *Merchants & Planters National Bank* v. *Trustees of Masonic Hall*, 63 *Ga.* 549 (2), 552; Patterson v. Veasey, 295 Fed. 165, where retroactive force of an appointment was recognized; but in each of these cases the statement or ruling made related to conflict of jurisdiction between State and Federal courts, as to which would retain jurisdiction, where an equitable suit with prayer for receiver had been filed in each. This question, it was said, should be determined by the dates of the filing, rather than by the dates of the appointments.

Reliance is also placed upon decisions by this court to the effect that where such a creditor's petition is filed, a judgment obtained by a different creditor is not entitled to preference in such equitable proceeding, although the action in which the judgment was rendered may have been instituted before the filing of such equitable proceeding. *Lang* v. *Macon Construction Co.*, 101 *Ga.* 343 (28 S. E. 860); *Lubroline Oil Co.* v. *Athens Savings Bank*, 104 *Ga.* 376 (30 S. E. 409). It should be noticed, however, that the judgments in these cases were general judgments, and no claim of lien

otherwise arising was involved. Also *Jones* v. *Howard*, 99 *Ga.* 451 (27 S. E. 765, 59 Am. St. R. 231), is cited for the proposition that the lien in the instant case was not entitled to priority. In that case the contest was between the lien of a distress warrant and the lien of a mortgage; and it was said that the one attached upon the instant of the levy, and the other upon the instant of the execution of the mortgage. So that case is also different on its facts from the present case.

As shown in the statement, the defendants in error were not parties to the creditor's petition; and it does not appear that they had any knowledge of the injunctive order, or of the proceedings, until after levy of their distress warrant. Whether an injunction might properly have been issued against them, the fact remains that they were not enjoined, and in the circumstances they had the right to proceed by distress warrant as they did. The injunction, or, to be more exact, the restraining order against the debtor, operated in personam only, and did not amount to a seizure of the res. Hence the restraining order as granted was no impediment against the levy. *Citizens Bank of Georgia* v. *Hubbard*, 70 *Ga.* 411; *Royster Guano Co.* v. *Stedham*, 178 *Ga.* 217 (2) (172 S. E. 555); 28 Am. Jur. 199, § 4. Nor is it material that a receiver was subsequently appointed; and this is true even though the appointment might, for some purposes, relate to the filing of the equitable petition. We do not know of any rule as to retroaction under which the appointment of the receiver would destroy the physical fact that a levy had been made, or make it unlawful at the *time* it was made; and, in our opinion, it was not affected. 23 R. C. L. 62-70, §§ 68-74; 53 C. J. 105-129, §§ 128, 130, 153, 158.

We think also that, for the purpose of this case, the general lien of the landlord is to be treated as an *existing* lien within the purview of the insolvent-traders act, which provides expressly for "preserving all existing liens." Code, § 28-405; *Barnwell* v. *Wofford*, 67 *Ga.* 50. While it is declared in the Code that the general lien of a landlord shall date from the levy of a distress warrant, the lien is not created by any judicial proceeding, but arises by operation of law as applied to relationship, and needs only to be perfected by issuance and levy of a distress warrant. The nature of the lien was correctly stated by the United States Supreme Court

in a case arising under Georgia law, as follows: "The fact that the warrant could be levied upon property which had never been on the rented premises does not change the nature of the landlord's right, though it may increase the extent of his security. The statutory restriction as to date, rank, and priority may be important in a controversy with other lienholders, but was wholly immaterial in this contest between the landlord and trustee, where the latter was only representing general creditors. As against them the landlord had from the beginning of the tenancy the right to a statutory lien, which had completely ripened and attached before the filing of the petition in bankruptcy. The priority arising from the levy of the distress warrant was not secured because Mayer had been first in a race of diligence, but was given by law because of the nature of the claim and the relation between himself as landlord and Burns as tenant. In issuing the distress warrant, the justice acted ministerially. *Savage* v. *Oliver,* 110 *Ga.* 636 (36 S. E. 54). The sheriff was not required to return it to any court, and no judicial hearing or action was necessary to authorize him to sell for the purpose of realizing funds with which to pay the rent. Such a lien was not created by a judgment nor 'obtained through legal proceedings.'" Henderson *v.* Mayer, 225 U. S. 631; 637 (32 Sup. Ct. 699, 56 L. ed. 1233, 1236). It was thus held that the lien of a landlord was not defeated by the tenant's bankruptcy, although the levy of the distress warrant was made within four months before the filing of the petition in bankruptcy. See bankruptcy act, § 67(f); 11 U. S. C. A., § 107. It is true, the decision in the Henderson case was based on the bankruptcy act as it existed before the amendment of 1910, § 47a, giving to the trustee the same right as a judgment creditor; and it has been said that in view of that amendment the decision would not now be applicable in bankruptcy proceedings. 11 U. S. C. A. § 75; In re Grovenstein-Bishop Co., 223 Fed. 878; Watkins *v.* Alexander & Garrett Inc., 283 Fed. 968. However that may be, it is nevertheless directly in point in the instant case arising under the insolvent-traders act, which does not provide that any lien shall be created by the filing of the creditor's petition or the appointment of a receiver, and does not give to a receiver the status of a judgment creditor.

The equitable petition here must not be confused with a techni-

cal creditors' suit, in which under some circumstances the creditor filing the petition may obtain an equitable lien and priority as reward for his diligence in pursuing assets which can not be reached at law. 14 Am. Jur. 738-739, §§ 144, 146; 21 C. J. S. 1143, § 84; Miller v. Sherry, 69 U. S. 237 (17 L. ed. 827); Central Railroad &c. Co. v. Pettus, 113 U. S. 116 (5 Sup. Ct. 387, 28 L. ed. 915). The instant suit is not one of that character, but is a statutory equitable proceeding, in which the plaintiff is limited and "can take nothing by intendment." *Ball* v. *Lastinger,* 71 *Ga.* 678 (1*b*). The statute does not expressly grant such lien, and, being in derogation of the common law and thus subject to strict construction, can not be construed as granting it by implication. See generally, in this connection, *Hardwick* v. *Thomas,* 10 *Ga.* 266; *Robinson* v. *Bank of Darien,* 18 *Ga.* 65 (13, 14); *Comer* v. *Coates,* 69 *Ga.* 491; *Knoxville Iron Co.* v. *Wilkins,* 74 *Ga.* 493 (a); *Scott* v. *Jones,* 74 *Ga.* 762 (4); Commissioners of Freedman's Savings & Trust Co. v. Earle, 110 U. S. 710, (4 Sup. Ct. 226, 28 L. ed. 301): Equitable Trust Co. v. Connecticut Brass &c. Co., 290 Fed. 712 (8); 21 C. J. S. 1144, § 84. Accordingly, we are not here concerned with the time at which such a lien, if existing, should be considered as having attached, for the purpose of determining priority, whether on the filing of the suit, or on the rendition of a judgment declaring and perfecting it, or at some other time. Compare In re Lesser (D. C. N. Y.), 100 Fed. 433; Clinchfield Fuel Co. v. Titus, 226 Fed. 574, 141 C. C. A. 330. Under the law applicable to the instant case, the liens of general creditors would *exist* and date only from the rendition of the judgments in their favor; and since the lien of the landlord had at least an inchoate existence at the time the petition was filed, and was perfected by levy before rendition of such judgments, it was entitled to priority. Compare *Turner* v. *Sitton,* 160 *Ga.* 215 (127 S. E. 847); *Middle Georgia Lumber Co.* v. *Hunt,* 53 *Ga. App.* 578 (186 S. E. 714); *Andrews* v. *Sims,* 27 *Ga. App.* 338 (2) (108 S. E. 258).

It follows that the court did not err in holding that the landlord's lien was superior in rank to the claims of the general creditors, and in rendering judgment accordingly. See generally *Empire Lumber Co.* v. *Kiser,* 91 *Ga.* 643 (17 S. E. 972); *Massachusetts Bonding Co.* v. *Realty Trust Co.,* 142 *Ga.* 499 (5) (83 S. E. 210); *Blanchard* v. *Vansyckle,* 70 *Ga.* 278 (2); *Citizens*

48

*Bank of Ga.* v. *Hubbard,* 70 *Ga.* 411; *Sullivan* v. *McDonald,* 86 *Ga.* 78 (12 S. E. 215); *National Bank of Augusta* v. *Richmond Factory,* 91 *Ga.* 284 (18 S. E. 160); *Bradford* v. *Cooledge,* 103 *Ga.* 753, 758 (30 S. E. 579); *American National Bank of Atlanta* v. *Robinson,* 141 *Ga.* 78 (80 S. E. 555); Code, §§ 28-403, 37-407, 37-1006. *Judgment affirmed. All the Justices concur.*