33353. MILLER *v.* WEST.

DECIDED FEBRUARY 9, 1951.

298

*Cleveland Rees, T. B. Bagley,* for plaintiff.

*Ernest C. Britton,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) Any person who may have rent due may, by himself, his agent or attorney, make application to a justice of the peace in the county where the debtor may reside or where his property may be found, and obtain a distress warrant for the sum claimed to be due for rent, on the oath of the party, his agent or attorney, in writing, and the warrant may be levied on any property belonging to the debtor, and the property may be sold as in cases of levy and sale under execution. Code, § 61-402. A distress

warrant is final process, unless arrested by a counter-affidavit, and the property of the defendant may be levied on and sold under it as under other executions. *Elam* v. *Hamilton,* 69 *Ga.* 736 (1); *J. B. Withers Cigar Co.* v. *Kirkpatrick,* 196 *Ga.* 41, 43, 44 (26 S. E. 2d, 255); *Gober* v. *Barry,* 4 *Ga. App.* 4 (60 S. E. 807); *Sams* v. *Covington Buggy Co.,* 10 *Ga. App.* 191 (73 S. E. 18); *Phillips* v. *Rawls,* 46 *Ga. App.* 200 (167 S. E. 189). The issuing of such warrant is an ex parte proceeding, and there is no provision of law for the defendant in the warrant to be represented at the time it is issued. The fact that the tenant, B. L. West, was adjudged insane on April 3, 1946, prior to the time the distress warrant was issued on May 11, 1948, and had no guardian at that time would not render the distress warrant void, if the tenant was sane when the rent contract was made and during the period when the rent accrued in the year 1945. In the absence of evidence or a showing to the contrary, the presumption is that West was sane prior to the time when he was adjudged to be insane on April 3, 1946. Therefore, where the rent was due under a valid contract for the year 1945, the plaintiff would have the right to sue out a distress warrant to collect the rent, although the defendant may have become insane after the rent fell due and was insane and had no guardian at the time the distress warrant proceeding was instituted and levied. "A judgment obtained against an insane person is not void; and where an execution based on such judgment is levied on land belonging to such defendant in fi. fa., and the land sold at sheriff's sale, a purchaser at such sale would be protected." *Ward* v. *Miller,* 143 *Ga.* 164 (1) (84 S. E. 480); *Fields* v. *Union Central Life Ins. Co.,* 170 *Ga.* 239, 240 (8) (152 S. E. 237). A void judgment can be attacked by illegality, but one that is only voidable cannot be so attacked. *Whiteley* v. *Downs,* 174 *Ga.* 839 (2), (6) (164 S. E. 318). A levy under a void or illegal distress warrant can be attacked by an affidavit of illegality, or when such warrant is proceeding illegally it can be thus attacked. A distress warrant is a summary process, and ordinarily a defendant's first opportunity to defend against it is after it is levied.

Persons not sui juris may appear either by guardian or next friend. Code, § 37-1003. After the property levied on under

the distress warrant was advertised to be sold on the first Tuesday in July, 1949, W. L. Hudson as next friend of B. L. West filed the affidavit of illegality to the distress warrant and the levy thereunder, and the sale of the property was postponed.

Under the facts as disclosed by the record and the law applicable thereto, the trial judge erred in sustaining the affidavit of illegality and dismissing the levy on the ground that the distress warrant was void because West was insane and had no guardian at the time the distress warrant was issued and levied, and that he had not been restored to his sanity as provided by law.

*Judgment reversed. Worrill, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. In cases where infants or incompetent persons without a guardian are proceeded against, it is the action of a court in appointing a guardian ad litem or otherwise providing for due representation of the infant or incompetent that gives to the court jurisdiction to enter a final judgment in a justiciable controversy. See Code, § 81-212. In this case the defensive action was filed by a next friend and there was a duty on the part of the court to either approve the representation or appoint additional representation by appointing a guardian ad litem. I do not wish to be understood as holding that where a person has been adjudicated insane, and no guardian has been appointed, an ex parte proceeding in which no defensive action is taken in time to prevent the final execution of the process is valid, because, while no special service of the process is required, notice by levy and seizure is contemplated as notice, and the rights of incompetents would be too greatly jeopardized. One proceeding against one already declared incompetent in such a way must do so at his own risk, and in my judgment, if he does so without first having a guardian appointed and no next friend acts for the incompetent, he should have a guardian appointed and give him notice of the proceedings before he attempts to have the process finally executed. I agree to the judgment in this case because the defensive action was filed and the court presumably and by implication passed on the sufficiency of the incompetent's representation and by so doing gave the court jurisdiction of the case.