CITIZENS' BANK OF GEORGIA vs. HUBBARD.

[This case was argued at the last term, and the decision reserved. JACKSON, Chief Jus ice, being disqualified, did not preside ]

1. That a portion of the creditors of an insolvent debtor have filed a creditors' bill for themselves and such as may choose to come in and be made parties thereto, and that under such bill the effects of the debtor have been placed in the hands of a receiver, does not preclude other creditors from proceeding to obtain judgments against the debtor.

(a.) That one of the creditors of the defendant in the equity suit joined with the other creditors to have their interest represented in such suit, and petitioned the receivers appointed to select experts to examine into the books of the debtor, and that the receivers paid to the attorneys of the creditors certain fees for services rendered in the equity suit, did not, without more, make such creditor a party to the equity suit; certainly not in such sense as to prevent his bringing an action against the debtor or to require him to elect between the two cases. He is not an actual party to an equity case until he has been made so in some way known to the law.

February 20, 1883.

Actions. *Lis pendens.* Debtor and Creditor. Receivers. Before Judge CLARK. City Court of Atlanta. December Term, 1881.

v 70-27

Reported in the decision.

JULIUS L. BROWN; M. A. CANDLER, for plaintiff in error.

HOPKINS & GLENN; L. E. BLECKLEY; HARRISON & PEE-PLES, for defendant.

CRAWFORD, Justice.

The defendant in error brought suit against the plaintiff in error in the court below, to recover the sum of $892.31. To this suit the defendant pleaded the general issue, and a special plea setting forth, substantially, that the defendant had made an assignment of all its effects for the benefit of its creditors; that the assignees, under a creditors' bill, had been appointed receivers, and had taken possession of all the effects of the said defendant; that the said bill was still pending, and the plaintiff should not be allowed to maintain this suit, whilst the said equity suit was also pending, and its property in the hands of the receivers. To this plea an amendment was filed, averring that the plaintiff and other creditors of the defendant held various meetings and employed counsel to represent their interest in said equity suit, and took an active interest in the cause so pending, and moved for and obtained orders in relation thereto; that the said plaintiff was reported by the receivers as a creditor; that the said attorneys petitioned the receivers to appoint experts to ascertain and report the true condition of the bank as shown by its books; that the said receivers paid to said attorneys $1,200 for services rendered and to be rendered in the said equity suit. The special plea of the defendant, as amended, was stricken on demurrer, and that is the error which brings the case to this court.

That the judgment of the court below was correct is to our minds most manifest. Even if we were to reverse the rule as to the construction of pleadings, and construe the averments in the plea of the defendant most strongly in

its favor, we could find nothing which would make the plaintiff a party to the bill in equity now pending against the defendant in Fulton superior court.

To hold that a common law judgment could not be obtained against a defendant because, under a creditors' bill, the effects of the defendant had been placed in the hands of a receiver for the benefit of his creditors, would be to establish a principle not heretofore recognized or held by the courts.   Or, to hold that, because one of the creditors of the defendant in the equity suit joined with other creditors to have their general interest represented in said suit, and petitioned the receivers appointed in such suit to select experts to examine into the books of the debtor, and the receivers paid to the attorneys of the creditors certain fees for services rendered in the equity suit, this made him a party to the said equity suit, would be an entire departure from the ordinary mode of making parties in equity causes.   Though the plaintiff below may be interested in the creditors' bill, and as a creditor elect to come in according to the methods provided in such cases, and claim as a party to the suit, bearing his proportion of the expenses of the litigation, yet, until he does so. come in, he is not to be held as an actual party to such suit. To constitute him such a party, he must either join in the filing of the bill, or subsequently be made a party thereto. There is no averment in the plea that he has done either; hence he cannot be held a party until the fact appears. At all events. he cannot be held to be, under such facts, a suitor prosecuting two actions at the same time for the same cause and against the same party, and required to elect which he will prosecute.

To hold that where a portion of the creditors of an insolvent debtor filed a creditors' bill for themselves and such as might choose to come in and be made parties thereto, this precluded other creditors from proceeding to obtain judgments against the debtor himself, would be in

·such cases to discharge the debtor from all liability, except as to the specific assets, as effectually as a judgment in bankruptcy.

Judgment affirmed.