11845.   PANNELL v. STARK, sheriff et al.

STEPHENS, J.   1.   Where the payee of a promissory note, which contains a
    stipulation to pay attorney's fees, engages a third person to serve
    upon the maker the statutory notice of the payee's intention to insti-
    tute suit on the note and to ask for the stipulated attorney's fees, as
    provided in the Civil Code (1910), § 4252, as a condition precedent to
    the payee's right in a suit on the note to recover attorney's fees, and
    such third person fails to perfect service of the notice on the maker of
    the note, and where the payee proceeds with a suit on the note, but is
    deprived of any right to collect attorney's fees, by reason of the notice
    not having been served upon the maker as required by the statute, such
    third person is not liable to the payee in damages to the amount of the
    stipulated attorney's fees, or for any attorney's fees incurred by the
    payee in collecting the note, where it does not appear that the maker
    would not, after receipt of the notice, have paid the note on or before
    the return day, the payee's right to recover attorney's fees on the note,
    even after the giving of the statutory notice, being, under the terms of
    the statute, contingent upon a failure of the maker to pay the indebted-
    ness evidenced by the note on or before the return day of the court
    to which the suit is brought.   Such damages are contingent and too re-
    mote.   Civil Code (1910), § 4394; Clay v. Western Union Telegraph Co.,
    81 Ga. 285 (6 S. E. 813, 12 Am. St. R. 316).

2.  It not appearing that any ruling of the trial judge was invoked upon
    any ground to continue the hearing or to set aside the judgment upon
    the ground of the illness of counsel, this court cannot consider any as-
    signment of error complaining of a hearing by the trial judge during
    the absence of counsel on account of illness.

3.  The demurrer to the petition was properly sustained.

                    Judgment affirmed.   Jenkins, P. J., and Hill, J., concur.
                              DECIDED JUNE 6, 1921.

    Action for  damages;  from  Walton  superior  court — Judge
Cobb.   August 25, 1920.

    Rogers & Tuck, for plaintiff.

    R. L. & H. C. Cox, A. C. Stone, H. G. Nowell, for defendants.