19311. EADY-BAKER GROCERY CO. *v.* TENNESSEE CHEMICAL CO.

BROYLES, C. J. 1. Where a judge of the superior court passes an order permitting a corporation to surrender its charter and be dissolved as a corporation, and also appoints a receiver for the corporation, a creditor of the corporation who was not a party to the receivership proceedings can maintain a suit against the corporation. He is not compelled to bring suit against the receiver. See, in this connection, 2 Park's Code, § 2823 (b) et seq.; 8 Supplement to Park's Code, §§ 2246 (a), 2246 (b); 34 Cyc. 221; 23 R. C. L. p. 48, § 50; 14 (A) Corpus Juris, 985, § 3326; *Citizens Bank* v. *Hubbard*, 70 *Ga.* 411; *Bradford* v. *Cooledge*, 103 *Ga.* 753 (30 S. E. 579); *American National Bank* v. *Robinson*, 141 *Ga.* 78 (80 S. E. 555); *Cain* v. *Seaboard Air-Line Ry.*, 138 *Ga.* 96, 100 (74 S. E. 764). The case of Nelson *v.* Hubbard, 96 Ala. 238 (11 So. 428, 17 L. R. A. 375), cited and relied on by counsel for the plaintiff in error, is not in point, since the statute of Alabama providing for the voluntary dissolution of private corporations stipulates that in the case of any contested claim, the claimant shall file the same in the dissolution proceeding, and that the genuineness of the claim be ascertained as in other contested claims in chancery. There is no such provision in the Georgia statute.

2. Under the foregoing ruling and the facts of this case, the court properly struck the plea in abatement filed by the defendant, and properly directed a verdict in favor of the plaintiff.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 15, 1929.

*Lovejoy & Mayer,* for plaintiff in error.
*Hall & Jones,* contra.