### 36453. GEORGIA CASUALTY & SURETY COMPANY *v.* REVILLE.

DECIDED FEBRUARY 28, 1957—REHEARING DENIED MARCH 21, 1957.

*Fulcher, Fulcher & Hagler, J. Walker Harper, John F. Hardin,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

FELTON, C. J. ■ The motions to dismiss the action explicitly limit their grounds to one proposition, to wit: that the fact that two of the six judges of this court dissented in *Reville* v. *Sullivan,* 93 *Ga. App.* 23 (90 S. E. 2d 609), and that that fact in and of itself conclusively showed that the defendant insurance company

was not guilty of bad faith in refusing to settle the case or of negligence in trying it. A general demurrer or motion to dismiss in the nature of a general demurrer on the broad ground that the petition or count does not set forth a cause of action covers all reasons or grounds which would support the broad contention. This is true even when, after making the broad averment that the petition or count sets forth no cause of action, in addition thereto, the demurrer goes on and enumerates some particular grounds, the demurrer or motion to dismiss still covers all grounds and cannot be confined to those specifically named in addition to the broad attack made on the petition or count. However, when a demurrer or motion is limited by its content to a particular ground or reason by alleging that the petition or count sets forth no cause of action *"in that* etc.," the only question raised is whether the petition or count sets forth a cause of action for the particular reason expressly assigned. *Saliba* v. *Saliba,* 202 *Ga.* 791, 795 (44 S. E. 2d 744).

■ In order for the insurance company to be able to raise the question sought to be raised in the motions to dismiss, the record and decision in the case of *Reville* v. *Sullivan* must have been pleaded by the plaintiff in the trial court so that the alleged defects in the petition would appear on the face of the petition, or the record and decision in said case should have been judicially noticed by the trial court and should be noticed by this court which would be equivalent to the defects' appearing on the face of the petition. The record and decision in said case were not pleaded by the plaintiff in the trial court in this case so the case must turn on the question of judicial notice. The oldest cases on this question require the ruling that neither the trial court nor this court can judicially know the record and decision in another case even in the same court. *Salter* v. *Heys,* 207 *Ga.* 591 (3) (63 S. E. 2d 376) ; *Carten* v. *Loveless,* 192 *Ga.* 715 (16 S. E. 2d 711) ; *Owens* v. *Williams,* 87 *Ga. App.* 238 (2) (73 S. E. 2d 512) ; *O'Conner* v. *U. S.,* 11 *Ga. App.* 246 (4) (75 S. E. 110) ; *Glaze* v. *Bogle,* 105 *Ga.* 295 (31 S. E. 169).

It follows that since the record and decision in the case above referred to were not pleaded and could not be judicially noticed under the circumstances, the question sought to be raised by the

insurance company by motions to dismiss could not be so raised, and since the motions were confined to this single question, the court did not err in denying the motion to dismiss as to each of the two counts of the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*