## 39690. COTTON STATES MUTUAL INSURANCE COMPANY v. FIELDS.

DECIDED OCTOBER 10, 1962.

*Spivey & Carlton, Milton A. Carlton,* for plaintiff in error.
*Neville & Neville, William J. Neville,* contra.

JORDAN, Judge. It is settled in a great number of jurisdictions in this country that, notwithstanding the reservation in a policy of automobile liability insurance by the insurer of the exclusive right to make such investigation, negotiation and settlement of any claim or suit against the insured as it deems expedient, the capricious refusal of a liability insurance company to entertain an offer of compromise within the policy limits made on behalf of the injured party where no regard is given to the position of the insured should the case proceed to trial and a judgment in excess of the policy limits be rendered, constitutes an act of bad faith on the part of the insurer and subjects it to a suit for damages by the insured. See Annotation, 40 ALR2d 168.

That the law of Georgia is in accord with such holding is indicated by the decision of this court in *Georgia Cas. &c. Co. v. Reville*, 97 Ga. App. 888 (104 SE2d 643). In that case it was held that the evidence adduced by the plaintiff insured was sufficient to show bad faith on the part of the defendant insurer where it had refused an offer of settlement of $5,000, the amount of the policy limits, which was made by the injured party after a verdict had been entered against the insured in the amount of $15,000 where there was testimony by the vice-president of the defendant insurance company to the effect that the insurance company had refused said offer because it could only lose $5,000, the amount of the policy limits, regardless of the outcome of the pending appeal in that case.

The cause of action in the case under consideration, however, is not predicated upon the refusal of the defendant insurance company to consider an offer of settlement or compromise made on behalf of the injured party but is based upon the alleged failure of the defendant insurer to solicit or make an offer of settlement of the suit at the request of the plaintiff insured. It is not alleged that any offer of compromise or settlement was made to the plaintiff insured or the defendant insurer or their legal counsel by the injured party or her attorneys at any time; and there are no facts alleged which show that the defendant insurer could have successfully effected a settlement of the suit within the policy limits if it had attempted to do so. In essence the plaintiff insured is seeking in this case to hold the

defendant insurer liable for the excess judgment on the mere supposition that if the defendant insurer had made an offer of compromise, then possibly the suit against the insured could have been settled within the policy limits. Under these circumstances the allegations of the plaintiff's petition are insufficient to state a cause of action for the reason that the claim for damages upon which the cause of action is predicated is too remote, conjectural, contingent and speculative to afford the basis for recovery. *Pannell v. Stark*, 27 Ga. App. 104 (107 SE 496) ; *Tovell v. Legum*, 207 Ga. 193, 197 (60 SE2d 339), and cases therein cited.

Accordingly, the trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*