26912.    SHAW v. CALDWELL et al.

ARGUED JANUARY 11, 1972—DECIDED APRIL 20, 1972—
REHEARING DENIED MAY 3, 1972.

88

*Nall, Miller & Cadenhead, Gerald A. Friedlander,* for appellant.

*Joseph Lefkoff,* for appellees.

HAWES, Justice. The appeal here is from a judgment and order of the Superior Court of Fulton County denying the appellant's right to file and prove before the ancillary receiver his claim against an insolvent insurer, and denying his motion for a summary judgment. The judgment was certified by the trial judge for immediate review. The facts upon which the judgment was based were stipulated in the trial court.

On January 27, 1966, Millard Greer was involved in an automobile collision with Jonathan Harvey Carpenter. Greer was insured under a liability policy issued by National Service Fire Insurance Company, said policy providing automobile liability insurance for bodily injury in the amount of $10,000 for each person. On March 27, 1967, a suit was filed by Carpenter against Greer in the Superior Court of Floyd County. On January 12, 1968, a jury verdict in favor of Carpenter and against Greer in the amount of $200,113 was returned therein and a judgment was duly entered thereon. No appeal was taken from that judgment. Immediately after entry of the judgment National Service Fire Insurance Company paid $10,000 into court under a complaint of interpleader. On January 29, 1968, Greer, having filed a voluntary petition in bankruptcy, was adjudicated a bankrupt and Shaw was appointed trustee. Carpenter's claim in the amount of $200,113 filed with the trustee was allowed and on March 12, 1968, Greer received his discharge in bankruptcy. On May 28, 1968, Shaw, in his capacity as trustee in bankruptcy, instituted an action in the Superior Court of DeKalb County against National Service Fire Insurance Company seeking a judgment for the alleged tortious refusal of the insurance company to settle Carpenter's claim against Greer within the policy limits. Service was had on National Service Fire Insurance Company and an answer was filed on its behalf on June 27,

1968 by the attorney who then represented it. On the same date that Shaw filed his complaint, that is, May 28, 1968, an order was entered in the chancery court of Davidson County, Tennessee, directing the rehabilitation of National Service Fire Insurance Company under the provisions of the Tennessee insurance laws. No plea was ever filed in the DeKalb County suit requesting a stay of those proceedings. On June 28, 1968, the Tennessee court, having determined that the insurance company could not be rehabilitated, appointed the Commissioner of the Department of Insurance of the State of Tennessee as conservator of the assets of the company and directed that the assets of the company be liquidated. On June 12, 1968, an ancillary proceeding was commenced in Georgia, and on July 31, 1968, the Judge of the Fulton Superior Court appointed the insurance commissioner of the State of Georgia as ancillary receiver. Concurrently with the order making that appointment the Fulton Superior Court issued an order enjoining the filing and prosecuting of all claims in any of the courts of the State of Georgia against the insurance company. Shaw was not a party to that proceeding and the injunction was never personally served upon him, nor was there any service of the injunction by publication. In July of 1968 Shaw became aware of the pendency of delinquency proceedings against the insurance company in Tennessee, but he never acquired actual knowledge of the ancillary proceedings in Georgia or of the injunction entered by the Fulton Superior Court. On October 29, 1968, the attorney who had represented the insurance company in the DeKalb suit resigned from that representation and notified the DeKalb Superior Court thereof. On October 16, 1968, an order was entered in DeKalb Superior Court specially setting the case of Shaw v. National Service Fire Insurance Company for trial in the week of November 11, 1968, and a copy of that order was mailed to the domiciliary receiver in Tennessee. The ancillary receiver in Georgia, however, had no actual knowledge of the DeKalb County suit or of the order setting it for trial.

On November 11, 1968, the DeKalb County case came on for trial. There was no appearance on behalf of the insurance company or on behalf of the domiciliary receiver or of the Georgia ancillary receiver. The jury returned a verdict for the plaintiff in the sum of $314,545.95 and judgment was entered thereon on November 13, 1968. There was no appeal from that judgment and on December 18, 1968, Shaw filed his claim with both the domiciliary receiver and the Georgia ancillary receiver in the manner provided by law and by the order of the court in the amount of $314,545.94. Pursuant to a previous order of a Judge of the Superior Court of Fulton County the bar date for filing claims with the ancillary receiver was December 28, 1968, which was the same date as that established by the domiciliary court in Tennessee. Subsequently, Shaw was notified by the special deputy domiciliary receiver that his claim had been disallowed. Within the time allowed under the procedure approved by the Superior Court of Fulton County he filed his exceptions in that determination and made a request for a formal hearing before the ancillary receiver. On February 24, 1971, the hearing was had before the deputy ancillary receiver, at which both the domiciliary receiver and Shaw were represented by counsel. Thereafter, the ancillary receiver filed his fourth interim report in the Superior Court of Fulton County dealing with Shaw's claim. Therein he recommended to the court that the claim not be allowed in the amount claimed or in any amount whatsoever and that such claim not participate in the distribution of assets of National Service. The order appealed from confirmed that recommendation and made it the judgment of the court.

■ At issue on this appeal is the construction, interpretation and effect to be given to the provisions of *Code Ann. Ch.* 56-14, a part of which (§ 56-1401(2) through § 56-1410, inclusive) constitutes the so-called Uniform Insurer's Liquidation Act. *Code Ann.* § 56-1411. The appellee contends that because the ancillary receiver had no actual knowledge of the pendency of the action by Shaw against National Ser-

vice Fire Insurance Company the judgment rendered in that suit is not -binding on the ancillary receiver in determining the disposition of the claim of Shaw, and that an ancillary receiver for an insolvent insurance company cannot be bound by a judgment obtained against the insurance company after the receiver's appointment if he was not made a party to that action. There is no merit in either of these contentions.

It is no longer open to question in this State that the claim of an insured under an automobile liability policy for damages on account of the bad faith tortious refusal of the insurer to settle a liability claim against him within the policy limits resulting in damage to him in the form of a judgment in excess of the policy limits being returned against him is a legitimate charge against the insurer upon which recovery may be had by the insured. *Ga. Cas. &c. Co. v. Reville,* 97 Ga. App. 888 (104 SE2d 643); *U. S. Fidel. &c. Co. v. Evans,* 116 Ga. App. 93 (156 SE2d 809) and cits. In this case the insurance company was a party to the suit against it by Shaw, and if it had a defense to that action based on the merits the place for its assertion was in that case. While under the stipulated facts a defense was interposed in an answer filed to the complaint the insurance company abandoned its defense and suffered judgment to be taken against it without offering any evidence in support thereof. The effect of the judgment in DeKalb Superior Court was to establish and liquidate Shaw's claim as a valid and existing indebtedness of the insolvent insurer. Unless some principle of receivership law in general or some provision embodied in *Code Ann. Ch.* 56-14 forbids it, Shaw should be entitled to prove his claim before the ancillary receiver.

■ A receiver is an officer of the court which appoints him, and his duty upon his appointment is to take possession of the assets of the insolvent debtor for the court and to preserve those assets so that upon distribution of the assets to the creditors they will be fully available to pay the claims of the creditors. See: *Jones v. Wilson,* 195 Ga.

310 (2) (24 SE2d 34); *Erikson v. Hewlett,* 212 Ga. 423 (93 SE2d 563). The general rule is that the appointment of a receiver does not abate a pending suit against an insolvent corporation. *Citizens' Bank of Ga. v. Hubbard,* 70 Ga. 411; *American Nat. Bank v. Robinson,* 141 Ga. 78 (80 SE 555); *J. B. Withers Cigar Co. v. Kirkpatrick,* 196 Ga. 41 (26 SE2d 255); Anno. 8 ALR 441; Anno. 96 ALR 485. This is true in Georgia even though the order appointing the receiver also orders the corporation to surrender its charter and be dissolved as a corporation. In such circumstances suit may even be brought against the corporation by one who was not a party to the receivership proceedings after the entry of such an order. *Eady-Baker Grocery Co. v. Tennessee Chemical Co.,* 39 Ga. App. 121 (146 SE 329), and cits. *Nalley Land &c. Co. v. Merchants & Planters Bank,* 187 Ga. 142, 143 (199 SE 815). *Code Ann.* §§ 56-1402 (2) and 56-1403 (3) do not confer upon the receiver of an insolvent insurer (either domiciliary or ancillary) any greater powers than those ordinarily conferred by the law upon receivers generally, but merely vest in the ancillary receiver all the property of the insolvent insurer. Unless the pending suit in this case in some way interfered with possession of the insurer's property by the receiver, no reason appears why the mere appointment of the receiver in this case should have any different or greater effect on the pending suit than would have been the case in any receivership created under the provisions of Ch. 55-3 of the Code. There was nothing in the proceeding in DeKalb County which in any way sought to disturb that possession.

■ Appellee relies on the provisions of *Code Ann.* § 56-1414 (2) to sustain the injunction issued by the Superior Court of Fulton County restraining the prosecution of suits against the insurer. That section authorizes the issuance of injunctions to prevent interference with the ancillary receiver or interference with the receivership proceeding or to prevent waste of the assets of the insurer, to prevent the commencement or prosecution of any action, the obtaining of preferences, judgments, attachments or other liens or the

making of any levy against the insurer or against any of its assets. This section must be read in connection with the general laws of this State with respect to injunctions as embodied in § 65 of the Civil Practice Act. *Code Ann.* § 81A-165 (d). Under that law, "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive notice of the order by personal service or otherwise." Under the stipulated facts in this case Shaw was not a party to the receivership proceeding and he had no notice of the issuance of the injunction. Accordingly, that order could not be effective to restrain him from the prosecution of his pending suit in DeKalb Superior Court. Obviously, the provisions of *Code Ann.* § 56-1414 (1) permitting issuance of injunctions and restraining orders without notice permit such orders to be effective only against the insurer, its officers, directors, stockholders, members, subscribers, agents and other persons transacting its business, and are intended only to prevent the waste or disposition of the property of the insolvent insurer by such persons. As we have said, the prosecution by Shaw of his suit in DeKalb Superior Court in no way interfered with the possession of the ancillary receiver of the property of the insolvent insurer in this State and did not tend to waste that property or otherwise interfere with the receivership proceeding.

Appellee relies upon the provisions of *Code Ann.* § 56-1426 which provides that the rights and liabilities of creditors shall be fixed as of the date on which the order directing liquidation of the insurer is filed in the office of the clerk of the court which made the order. He contends that, since such order was filed in this case prior to the entry of the judgment in Shaw's favor in DeKalb Superior Court, that judgment is a nullity insofar as it attempted to fix his rights. But, Shaw's claim against the insurer arose prior to the filing of the delinquency proceedings. Until it was reduced to judgment it was merely unliqui-

dated. Section 56-1430 clearly contemplates the conversion of unliquidated claims to liquidated claims pending receivership proceedings. It provides that no contingent or unliquidated claim shall share in the distribution of the assets of an insurer which has been adjudicated to be insolvent under 56-14 except that such claim shall be considered if properly presented and may be allowed to share where such claim becomes absolute against the insurer on or before the last day for filing claims against the assets of such insurer. When Shaw's claim was reduced to judgment it became liquidated and absolute. Under the stipulated facts the claim was properly and timely presented both to the ancillary receiver and the domiciliary receiver. The judgment of the Superior Court of DeKalb County was res judicata as to the existence of the claim and the amount thereof and the ancillary receiver should have allowed the claim to be filed pending a determination of its rank and priority to share in the assets of the insurer.

It is to be noted that under *Code Ann.* § 56-1428 no particular priority is accorded judgment creditors. What rank, if any, the appellant's claim will take in the distribution of the assets of the insolvent insurer is not presented for our consideration but is a matter to be considered by the ancillary or domiciliary receiver under the supervision of the receivership courts.

■ As may be seen from a perusal of what has been said there is a dearth of authority in Georgia on the question directly presented. However, there are numerous cases in both the Federal courts and courts of other states which have had presented to them the question before us. For an annotation collecting the authorities see 96 ALR 485 et seq.

The appellant has argued with much force and vigor that his position is supported by the full faith and credit clause of the U. S. Constitution. We do not perceive that clause to be involved in this case. However, the *principles* of full faith and credit do apply as between judgments of the various courts of this state. These principles are recognized by a number of Code sections. See *Code* §§ 110-501, 38-623

and 3-607. A case in point, though based on the full faith and credit clause of the U. S. Constitution is Morris v. Jones, 329 U. S. 545 (67 SC 451, 91 LE 488). In that case, the facts were strikingly like those here, and the ultimate legal question presented to the court and decided by it was identical to the question here. There the Supreme Court said with respect to the issues: "We can put to one side, as irrelevant to the problem at hand, several arguments which have been pressed upon us. We are not dealing here with the question of priority of claims against the property of the debtor. For in this proceeding petitioner is not seeking, nor is respondent denying him, anything other than the right to prove his claim in judgment form. No question of parity of treatment of creditors, or the lack thereof (see Blake v. McClung, 172 U. S. 239), is in issue . . . Nor do we have here a challenge to the possession of the liquidator either through an attempt to obtain a lien on the property or otherwise. As pointed out in Riehle v. Margolies, 279 U. S. 218, 224, the distribution of assets of a debtor among creditors ordinarily has a 'two-fold aspect.' It deals 'directly with the property' when it fixes the time and manner of distribution. No one can obtain part of the assets or enforce a right to specific property in the possession of the liquidation court except upon application to it. But proof and allowance of claims are matters distinct from distribution. They do not 'deal directly with any of the property.' 'The latter function, which is spoken of as the liquidation of a claim, is strictly a proceeding *in personam.*' Id., p. 224. The establishment of the existence and amount of a claim against the debtor in no way disturbs the possession of the liquidation court, in no way affects title to the property, and does not necessarily involve the determination of what priority the claim should have. And see Chicago Title & T. Co. v. Fox Theaters Corp., 69 F2d 60.

". . . The notion that . . . control over the proof of claims is necessary for the protection of the exclusive jurisdiction of the court over the property is a mistaken one. As Justice Beech of the Supreme Court of Errors of Connecti-

cut aptly said, 'The question is simply one of the admissibility and effect of evidence; and the obligation to receive a judgment in evidence is no more derogatory to the jurisdiction in rem than the obligation to receive in evidence a promissory note or other admissible evidence of debt.' Beach, Judgment Claims and Receivership Proceedings, 30 Yale L. Journ. 674, 680." 329 U. S. 548-550.

Finally, paraphrasing the language used by the Supreme Court in the last paragraph of the majority opinion in the Morris case as set forth in page 554 of 329 U. S.: The single point of our decision is that the nature and amount of Shaw's claim has been conclusively determined by the judgment of the Superior Court of DeKalb County and that issue may not be relitigated in the Fulton Superior Court, it not appearing that the DeKalb court lacked jurisdiction over either the parties or the subject matter. We do not suggest that Shaw by proving his claim in judgment form can gain a priority which he would not have had if he had to relitigate it in Fulton County. It follows that the Superior Court of Fulton County erred in rendering the judgment complained of and in confirming the determination of the ancillary receiver to disallow Shaw's claim.

*Judgment reversed. All the Justices concur.*