## 50539. JONES et al. v. SOUTHERN HOME INSURANCE COMPANY.

ARGUED APRIL 29, 1975 — DECIDED JUNE 18, 1975 — REHEARING DENIED JULY 10, 1975.

386

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellants.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellee.

DEEN, Presiding Judge.

1. The insurer pleaded as its second defense to this action that the defense of Jones was made under provisions of Georgia law and of the insurance policy, and that "while this defendant had no contractual duty to Ruby Jones under the provisions of the policy, Ruby Jones was afforded every right and benefit to which she was entitled under the law." Plaintiff moved to strike on the

ground that that part of Code Ann. § 56-407.1 (d) providing that where suit is brought against a known uninsured motorist, a copy is to be served on the company carrying the coverage and "in the case of a known owner or operator of such vehicle, either or both of whom is named as a defendant in such action, the insurance company issuing the policy shall have the right to file pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself" is unconstitutional for various reasons including her right to privacy. Error was assigned on the denial of this motion, and this court raised the question of its lack of jurisdiction to pass on the constitutionality of a statute. The appellant's counsel then limited his argument to a contention that the statute had been applied to Jones in an unconstitutional manner, in that she was "deprived of her property rights in the use of her name without due process." Since the use of her name on defensive pleadings is exactly what the statute authorizes, there has been no lack of due process. The insurer's second defense was good.

2. The record on the summary judgment hearing reveals that when Jones received the Littlefield suit papers she consulted with an attorney who advised her that the insurance company would file an answer for her. Shortly thereafter she received a letter from the appellee's attorney informing her that the firm had been retained by the insurance company to represent it in connection with the tort action, explaining the situation as to uninsured motorist coverage, that "under the law in situations of this type, the insurance company is authorized to file an answer in your name and to defend this case for you. I have discussed this with (appellant's then attorney) who has talked to you about this case. He knows that I am writing you and if you have any questions concerning this you might want to call him. We are being paid by the insurance company but we will file an answer in your name and will defend this suit to the best of our ability." Jones did not answer the letter or pursue the matter further. By deposition she testified that she was not looking for a lawyer to file an answer in the case because she could not afford to hire one.

Prior to trial the insurance company offered to settle

the damage suit for $5,000. The attorney now representing Jones, but who was representing Littlefield at the time, wrote in reply that Mrs. Littlefield would accept $10,000 as a conditional satisfaction of the claim, explaining that he considered the coverage to be in fact $25,000 rather than $10,000, and proposing that the $10,000 be paid and that Littlefield then file a declaratory judgment action against her insurer and the remaining $15,000 abide the result of that action. The insurer refused, reiterating its offer of a $5,000 settlement.

The appellants now contend that Jones was in fact an insured as of the time the insurer filed the defensive pleadings in her name, and that in failing to accept this offer, or at least to notify and consult her about her wishes in the matter, it acted in bad faith and is therefore responsible for the full amount of the judgment plus exemplary damages and attorney fees. We can find no authority for the proposition that an uninsured motorist defendant in a damage suit, known or unknown, is an "insured" within the meaning of the Act or any provision of the policy. Certainly, whether dealing with an insured or not, the company can no more act in bad faith without suffering the consequences than can any person. And as to an insured the test is that "the insurer must accord the interest of its insured the same faithful consideration it gives its own interest" in determining whether to effect a settlement within policy limits. *U. S. F. & G. Co. v. Evans,* 116 Ga. App. 93 (156 SE2d 809), affd. 223 Ga. 789 (158 SE2d 243). And see *Shaw v. Caldwell,* 229 Ga. 87 (1) (189 SE2d 684). It is not the mere refusal to settle, but the refusal *in bad faith* which subjects the insurer to a damage action. *Cotton States Mut. Ins. Co. v. Fields,* 106 Ga. App. 740 (128 SE2d 358). All of the cases from other jurisdictions cited by the appellant which deal with the failure of the company to settle within the limits of liability of the policy as an evidence of bad faith deal with situations where the adversary is the insured under policy provisions, not with a defendant whom the policyholder is suing and who has failed to obtain his own insurance.

We do not regard Ruby Jones as an insured. As was stated in *Francis v. Newton,* 75 Ga. App. 341 (1) (43 SE2d

282): "[T]he duty of the insurer to use ordinary care and good faith in the handling of a claim against its insured arises out of the relationship between them created by the policy or contract of insurance, and there is no fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders." Nor is there privity of contract between the insurer and one who *injured* one of its policyholders. The law gives the insurance company the right to file defensive pleadings in the name of the tortfeasor with or without her consent, and thereby prevent the injection of the prejudicial issue of the existence of insurance into the trial of the case. Obviously, if an uninsured motorist wanted such pleadings filed by his own counsel, the company would be relegated to filing whatever else it wanted in its own name, but here the appellant deposes in effect that she had not intended to hire a lawyer at all; therefore, she is better off for the representation than she would have been without it. Lastly, this record contains no recapitulation of the evidence in the tort action. All we know is that the insurer offered $5,000 and the plaintiff demanded at least $10,000. It is true that the verdict was greatly in excess of either of these amounts, but whether this was so obvious before the event as to amount to bad faith cannot be judged on the record here.

3. In view of our holdings, supra, it is unnecessary to decide whether the assignment of her purported claim against the insurer, in the amount of the judgment against her, to the judgment creditor, was proper and, if so, whether the intervention of Mrs. Littlefield should have been allowed. Assuming all these contentions to be meritorious, they do not affect the grant of the summary judgment to the defendant.

*Judgment affirmed. Stolz, J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially.

In this case, the injured party was willing to settle for $10,000; the insurance company refused to settle, went to trial and a verdict was rendered against the defendant for $95,000. The defendant seeks to hold the insurer liable for not settling the case within the policy limits and leaving

defendant subjected to a large judgment, which exceeds the insurance coverage by $85,000.

Ordinarily one who *purchases* a liability insurance policy has the right to expect its insurer to use ordinary diligence in protecting the insured defendant when suit arises. I go a step further than does the majority opinion by asserting that the insurance company is liable not only for *bad faith* in refusing to settle or enter in good faith into negotiations for settlement, but it is also liable for *negligence* in such failure. This was plainly held in *Francis v. Newton,* 75 Ga. App. 341 (1) (43 SE2d 282), and in a later case, to wit, *Georgia Cas. &c. Co. v. Reville,* 95 Ga. App. 358 (98 SE2d 210), at page 361 in which suit was brought against the insurance company in two counts for failure to settle, one count alleging *bad faith* and the other count alleging *negligence,* and was resolved in favor of the insured. That an insurance company is liable, not only for *bad faith* in refusing to enter negotiations for settlement within the policy limits, but also for its *negligence* in such failure is discussed authoritatively in one of the early works on this subject, to wit: Preferential Settlement of Liability—Insurance Claims by Professor Robert E. Keeton in Harvard Law Review, Issue of November, 1956 (Vol. 70, 1956/57, p. 27, Harvard Law Review).

But the case of *Francis v. Newton,* 75 Ga. App. 341, supra, also makes it plain that the duty of making such settlement is between the insurance company and its *policyholder.* Here we are involved with an uninsured motorist, and the plaintiff can in no sense be characterized as a policyholder, and hence is not entitled to prevail in this case.