## 50876. NATIONWIDE MUTUAL INSURANCE COMPANY v. TURNER et al.

MARSHALL, Judge.

This is an appeal by appellant Nationwide Mutual Insurance Company, defendant in the trial court, from the order of the Judge of the State Court of Glynn County, denying its motion for summary judgment.

This issue presented by this appeal is: May an uninsured motorist maintain an action against the automobile liability insurance company which provided liability insurance and uninsured motorist coverage for the policyholder who recovered a judgment against the uninsured motorist, which action was based on an allegation of bad faith on the part of the insurer in failing to settle the prior suit against the uninsured motorist within the limits of the policy coverage, when the prior suit resulted in a judgment against the uninsured motorist greatly in excess of the policy limit? *Held:*

The sole enumeration of error by appellant is that the trial court erred in denying appellant's motion for summary judgment in the complaint brought by appellee Turner.

We agree with appellant that the trial court erred in

denying appellant's motion for summary judgment. In brief, we know of no right given under the law of this state to the uninsured motorist to maintain a suit against the insurance carrier of the opposite party relative to a collision involving the uninsured motorist and such opposite party under the facts and circumstances in this case.

The third division of this court in the case of *Jones v. Southern Home Ins. Co.,* 135 Ga. App. 385 dealt with the almost identical question presented by this appeal. In that case, Mrs. Jones sought to recover from Southern Home Insurance Company for failure to settle a claim brought by Mrs. Littlefield for the death of her husband in a collision involving Littlefield and Mrs. Jones, Mrs. Jones being an uninsured motorist and the insurance company having refused to settle the Littlefield claim within the policy limits prior to a trial of the cause. The majority opinion written by Presiding Judge Deen includes the following:

"The appellants now contend that Jones was in fact an insured as of the time the insurer filed the defensive pleadings in her name, and that in failing to accept this offer, or at least to notify and consult her about her wishes in the matter, it acted in bad faith and is therefore responsible for the full amount of the judgment plus exemplary damages and attorney fees. *We can find no authority for the proposition that an uninsured motorist defendant in a damage suit, known or unknown, is an 'insured' within the meaning of the Act or any provision of the policy.* Certainly, whether dealing with an insured or not, the company can no more act in bad faith without suffering the consequences than can any person. And as to an insured the test is that 'the insurer must accord the interest of its insured the same faithful consideration it gives its own interest' in determining whether to effect a settlement within policy limits. *U. S. F. & G. Co. v. Evans,* 116 Ga. App. 93 (156 SE2d 809), affd. 223 Ga. 789 (158 SE2d 243). And see *Shaw v. Caldwell,* 229 Ga. 87 (1) (189 SE2d 684). It is not the mere refusal to settle, but the refusal *in bad faith* which subjects the insurer to a damage action. *Cotton States Mut. Ins. Co. v. Fields,* 106 Ga. App. 740 (128 SE2d 358). *All of the cases from other*

*jurisdictions cited by the appellant which deal with the failure of the company to settle within the limits of liability of the policy as an evidence of bad faith deal with situations where the adversary is the insured under policy provisions, not with a defendant whom the policyholder is suing and who has failed to obtain his own insurance.*

"We do not regard Ruby Jones as an insured. As was stated in *Francis v. Newton,* 75 Ga. App. 341 (1) (43 SE2d 282): 'The duty of the insurer to use ordinary care and good faith in the handling of a claim against its insured arises out of the relationship between them created by the policy or contract of insurance, and there is no fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders.' *Nor is there privity of contract between the insurer and one who injured one of its policyholders.* The law gives the insurance company the right to file defensive pleadings in the name of the tortfeasor with or without her consent, and thereby prevent the injection of the prejudicial issue of the existence of insurance into the trial of the case. Obviously, if an uninsured motorist wanted such pleadings filed by his own counsel, the company would be relegated to filing whatever else it wanted in its own name, but here the appellant deposes in effect that she had not intended to hire a lawyer at all; therefore, she is better off for the representation than she would have been without it. Lastly, this record contains no recapitulation of the evidence in the tort action. All we know is that the insurer offered $5,000 and the plaintiff demanded at least $10,000. It is true that the verdict was greatly in excess of either of these amounts, but whether this was so obvious before the event as to amount to bad faith cannot be judged on the record here." (Emphasis supplied.)

Also worthy of quoting is a portion of Judge Evans' special concurrence:

"But the case of *Francis v. Newton,* 75 Ga. App. 341, supra, also makes it plain that the duty of making such settlement is between the insurance company and its *policyholder.* Here we are involved with an uninsured motorist, and the plaintiff can in no sense be characterized as a policyholder, and hence is not entitled to prevail in this case."

554

As set forth in the foregoing excerpts from the opinion in *Jones v. Southern Home Ins. Co.*, we hold that there is no duty on the part of the insurance company in this situation to comply with the demand of an uninsured motorist to settle a claim by the opposite party (who is the insured of the company) within the limits of the policy.

*Judgment reversed with direction to enter judgment in favor of appellant. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 17, 1975 — DECIDED JULY 16, 1975 — REHEARING DENIED JULY 31, 1975 —

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellant.

*Hutto & Palmatary, J. S. Hutto, A. Blenn Taylor, Jr., Edward E. Boshears,* for appellees.