30211. SHORT et al. v. STATE OF GEORGIA et al.

UNDERCOFLER, Presiding Justice.

Home Owners Insurance Company, an Illinois corporation domiciled in that state, was declared insolvent, dissolved, and ordered liquidated by the Illinois Circuit Court on April 8, 1971. The Georgia Insurance Commissioner was appointed ancillary receiver in Georgia on July 9, 1971, to administer certain funds in this state. In 1969, Home Owners issued two payment and

performance bonds on construction contracts. The validity of these bonds is disputed by the ancillary receiver. On April 8, 1971, suit on these bonds was brought against Home Owners in the Civil Court of Fulton County. No answer was filed and a default judgment was entered on May 28, 1971. In a separate action against the contractor in the Civil Court of Fulton County a default judgment was entered on July 27, 1971. Appellants claim under these judgments. The essential question here is whether the ancillary receiver is bound by the default judgments both as to validity and amount. The trial court held the ancillary receiver was not bound and denied appellants' motion for summary judgment on these issues.

We affirm. "It has been held in many cases that if a corporation becomes extinct pending a suit to which it is a party, the suit thereby abates as to such corporation, and any judgment thereafter rendered against it is a nullity, unless some provision is made for the further prosecution of the suit by the laws of the state in which the suit is pending." *Venable Bros. v. Southern Granite Co.,* 135 Ga. 508, 510 (69 SE 822) (1910); *Trust Co. of Ga. v. Mortgage-Bond Co. of N. Y.,* 203 Ga. 461 (46 SE2d 883) (1948); 19 AmJur2d 1009, § 1662; 1 CJS 140, § 102 b.

Home Owners was dissolved on April 8, 1971. Appellants' judgments were obtained thereafter. Unless a statute extends the life of Home Owners for this purpose the judgments are void as to it. The question then is whether Code Ann. § 22-1325 (Ga. L. 1968, pp. 565, 706) providing for the survival of remedies against corporations after dissolution applies to foreign insurance corporations which have been dissolved and are in liquidation. We have concluded that it does not. Code Ann. § 22-1325 does not apply to foreign insurance companies. Constitution, Art. III, Sec. VII, Par. XVII (Code Ann. § 2-1917); Code Ann. § 22-103 (a) (1) (Ga. L. 1968, pp. 565, 568) and see comment thereto. Accordingly the ancillary receiver is not bound by the said default judgments either as to their validity or amount.

*Shaw v. Caldwell,* 229 Ga. 87 (189 SE2d 684) (1972) is not controlling on this issue. It was decided under cases relying on Ga. L. 1918, p. 136 (former Code Ann. §

22-1210) which Act was repealed by the 1968 Business Corporation Code. Ga. L. 1968, p. 565 (Effective date, April 1, 1969). The Corporation Act of 1938 which included former Code Ann. § 22-1874 continuing the existence of corporations also did not apply to foreign insurance corporations. See former Code Ann. § 22-1801. See Code Ann. § 56-1503 relating to domestic stock and mutual insurers.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1975 — DECIDED
OCTOBER 21, 1975.

*Joe H. Bynum, Jr.,* for appellants.
*Van Gerpen & Bovis, E. J. Van Gerpen, John V. Burch,* for appellees.