## 52814. NATIONAL EMBLEM INSURANCE COMPANY v. PRITCHARD et al.

STOLZ, Judge.

The appellant insurance company carried the appellees' automobile policy. In an earlier suit the appellees were found liable for injuries resulting from a traffic wreck to an extent greater than the coverage under their policy. The appellees, therefore, brought this action against the appellant for the excess above the policy limits awarded in the prior suit. A jury rendered a verdict in the appellees' favor and this appeal followed.

1. Over the appellant's objection, the trial judge charged the jury, "As a champion of the person insured, the insurance company must consider as paramount his interests rather than its own, and may not gamble with his funds." This charge is an incorrect statement of Georgia law. The appellant was not required to give the insureds' interests *paramount* consideration, but was required to give their interests *equal* consideration with their own. *Nationwide Mut. Ins. Co. v. Turner,* 135 Ga. App. 551, 552 (218 SE2d 276) (1975); *Jones v. Southern Home Ins. Co.,* 135 Ga. App. 385, 388 (217 SE2d 620) (1975); *Great American Ins. Co. v. Exum,* 123 Ga. App. 515, 519 (181 SE2d 704) (1971); *United States F. & G. Co. v. Evans,* 116 Ga. App. 93, 97 (156 SE2d 809), affd. 223 Ga. 789 (158 SE2d 243) (1967).

Although the charge here in issue was a quote from the text of *United States F. & G. Co. v. Evans,* supra, p. 95, that portion of the *Evans* text was not the court's holding, but was simply a quotation from a treatise on insurance law, which treatise, although respected, does not correctly reflect the law of this state. Two pages later, the court stated in its holding that an insurance company is required "to give at least equal consideration to the interests of the insured." Id. at 97. "Such standard of duty would not require the insurer to place the interests of the insured on a paramount position above its own, but only on an equal basis with it." Netzley v. Nationwide Mut. Ins. Co., 34 Ohio App. 2d 65 (2) (296 NE2d 550) (1971).

2. It is noted by this court that in another portion of his charge the trial judge gave the proper rule of law.

However, such an act does not cure the error in giving an erroneous charge unless the jury's attention is called to the correction by a retraction of the erroneous statement or in some other like manner. *Leggett v. Todd,* 110 Ga. App. 41 (1) (137 SE2d 742) (1964). Since the trial judge did not do so, the error was not cured and a new trial must be granted.

3. In view of the above holdings, we find it unnecessary to pass upon the appellant's other enumerations of error.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED NOVEMBER 5, 1976.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, J. M. Hudgins, IV,* for appellant.

*Zachary & Segraves, William E. Zachary, Jr.,* for appellees.