S08A0528. GEORGIA REHABILITATION CENTER, INC.
v. NEWNAN HOSPITAL.

(663 SE2d 204)

MELTON, Justice.

In *Ga. Rehabilitation Center v. Newnan Hosp.*, 283 Ga. 335 (658 SE2d 737) (2008) (*"Ga. Rehab. I"*), this Court affirmed the trial court's decision to deny Georgia Rehabilitation Center, Inc.'s ("GRC") motion to compel arbitration on the issue of the judicial dissolution of Coweta Rehabilitation Services, LLC ("CRS"), a limited liability company co-owned by GRC and Newnan Hospital ("Newnan"). In *Ga. Rehab. I*, this Court also affirmed the trial court's decision to appoint a neutral receiver to oversee CRS during the pendency of further proceedings. Id. In the current appeal, GRC contends that the trial court erred by entering an October 10, 2007 order that expanded the powers of the receiver in his efforts to manage the affairs and assets of CRS during the pendency of the case.[1] For the reasons that follow, we affirm.

1. In its first enumeration, GRC makes the identical arguments that this Court rejected in *Ga. Rehab. I*, and continues to assert that the trial court erred in appointing a receiver to manage the affairs of CRS. Because this Court already resolved this issue adversely to GRC in *Ga. Rehab. I*, this enumeration lacks merit.

---

[1] On October 12, 2007, the trial court also entered an order denying GRC's motion to stay the proceedings while GRC appealed in the current case and in *Ga. Rehab. I*. See OCGA § 9-11-62 (a) ("Unless otherwise ordered by the [trial] court, an interlocutory or final judgment . . . in a receivership action shall not be stayed . . . during the pendency of an appeal"). On January 28, 2008, GRC filed an Emergency Motion in this Court in an attempt to stay the proceedings below and to prevent the receiver from taking further action to resolve claims against CRS and distribute the assets of CRS while GRC's appeals were pending. See OCGA § 9-11-62 (e) ("The provisions in this Code section do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal"). This Court denied the Emergency Motion on February 8, 2008.

2. GRC further argues that the trial court improperly expanded the powers of the receiver because the court had no evidentiary basis for doing so, and because the powers granted to the receiver exceeded those allowed by law. However, the record reveals that the receiver presented an affidavit to the trial court that referred to (1) the receiver's inability to gain control of CRS's assets based on GRC's continued use of those assets, (2) GRC's failure to provide the receiver with information that would allow him to track payments made by CRS, and (3) the receiver's continued need for GRC and Newnan to provide sufficient information to allow for a meaningful accounting of CRS and to allow for a determination of whether CRS was insolvent. In this regard, the same evidence that authorized the appointment of a receiver in the first instance gave the trial court a sufficient basis for tailoring the receiver's powers to fit the needs of the receiver estate. As this Court pointed out in *Ga. Rehab. I,*

> the parties, as 50/50 owners of CRS, could not agree about the management of CRS and its financial affairs. Even when Newnan hired accountants to conduct an audit of CRS due to the company's alleged depleting assets, no meaningful accounting could be done because GRC and Newnan provided conflicting, incomplete, and inconsistent information to the accountants.

Id. at 336 (2).

Moreover, the powers granted to the receiver were appropriate in light of the circumstances presented here. Indeed,

> [a] receiver is an officer of the court which appoints him, and his duty upon his appointment is to take possession of the assets of the insolvent debtor for the court and to preserve those assets so that upon distribution of the assets to the creditors they will be fully available to pay the claims of the creditors.

(Citations omitted.) *Shaw v. Caldwell,* 229 Ga. 87, 91 (2) (189 SE2d 684) (1972). See also OCGA § 9-8-8 (b) ("The receiver shall discharge his trust according to the orders or decrees of the court appointing him."); *Hardwick v. Hook,* 8 Ga. 354 (1850) (court may authorize receiver to sue in the name of party having the legal right). Compare OCGA § 14-2-1431 (c) (In judicial dissolution proceedings involving corporations, court may "appoint a receiver or custodian pendente lite with all powers and duties the court directs."). In light of the demonstrated need for the receiver to track down, control, and protect the assets of CRS, we find no abuse of discretion in the trial

court's decision to grant the receiver the necessary powers to do the job that he had been properly appointed to do pursuant to the very order that this Court upheld in *Ga. Rehab. I.*

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Parks, Chesin & Walbert, A. Lee Parks, Larry H. Chesin,* for appellant.

*Tinsinger Vance, J. Thomas Vance, Charles D. Mecklin, Jr.,* for appellee.