[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13019
Non-Argument Calendar

_____

D. C. Docket Nos. 09-00230-CV-WSD-1
09-00548-CV-WSD

ACCC INSURANCE COMPANY,
f.k.a. American Century Casualty Company,

Plaintiff-Appellee,

versus

TAMMY RENEE CARTER,
MELISSA P. AVERY DUMAS,
Individually and as Administrator of the
Estate of John Claire Dumas,
CAMILLE J. DUMAS,

Defendants-Appellants,

MARK MCMASTERS,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 20, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Melissa Dumas and Camille Dumas Watson appeal the judgment in favor of American Century Casualty Company. The Dumases sought to recover as assignees of Tammy Carter for the alleged negligence and bad faith of American Century in settling the Dumases' claim against Carter. The district court entered a judgment declaring that American Century was not required to obtain a release of liability for Carter. We affirm.

## I. BACKGROUND

Tammy Carter drove her car off a road in Decatur, Georgia, and struck and killed John Dumas. Carter later pleaded guilty to driving under the influence of alcohol and homicide by vehicle. At the time of the accident, Carter was insured by American Century through an automobile policy that provided coverage for bodily injuries of $25,000 per person and $50,000 per accident. Dumas's surviving spouse, Melissa, and daughter, Camille, sought to recover from Carter, and American Century assigned McMasters, an insurance adjuster, to resolve their claim.

The Dumases mailed to McMasters a settlement demand for Carter's policy limit of $25,000. The demand stated that, "In consideration for payment [of] [the]

policy limits," the Dumases agreed to "sign a release of American Century Casualty Insurance Company, its heirs, assigns and affiliates, for the claims arising by virtue of the injuries to and death of John C. Dumas." The Dumases stated that they refused "to release Ms. Carter in exchange for the payment of her limits under [the] policy" and "[t]hey [would] execute no release that directly or indirectly release[d] Ms. Carter." The Dumases explained that they "simply [sought] to exhaust the funds available through [the] policy, thereby releasing [American Century] from liability, while reserving any claims they may have against Ms. Carter." The Dumases demanded that American Century "specifically stipulate [in the release] that [the Dumas family] reserve[d] all claims they have or might have against . . . Tammy Renee Carter, her heirs or assigns."

McMasters "agree[d] to the terms of [the] demand" without contacting Carter or making a counteroffer. American Century tendered to the Dumases a $25,000 check and an agreement to release both American Century and Carter. The Dumases refused to execute the agreement and wrote to American Century that they refused to release Carter. The Dumases explained that "acceptance of [their] demand [did] not actually make much of a difference for American Century. . . . [because] [they] [were] not going to release Ms. Carter no matter whether the payment [was] made or not." American Century asserted that McMasters had

3

agreed to the demand by mistake, and the Dumases sued American Century to enforce the terms of the settlement agreement. American Century agreed to pay the Dumases $25,000, and the Dumases dismissed their lawsuit.

The Dumases filed a complaint in a Georgia court alleging that Carter had caused the wrongful death of John Dumas. American Century retained counsel to represent Carter and defended her in the lawsuit for over a year. In the meantime, the Dumases offered to settle with Carter in exchange for her consent to a judgment and her assignment of her potential claims against American Century. Under the terms of the offer, the Dumases retained the right to collect from Carter if the lawsuit against American Century was unsuccessful, but Carter refused the offer. The Dumases and Carter later agreed to a settlement in which Carter consented to a four million dollar judgment and assigned to the Dumases her potential claims against American Century and the Dumases relinquished their right to collect from Carter.

American Century filed a complaint in federal court seeking a declaration that it was not liable to the Dumases as assignees of Carter. American Century alleged that Carter had breached her contractual duty as an insured to cooperate to resolve a claim. American Century also alleged that Carter had colluded with the Dumases to manufacture a claim against American Century.

The Dumases filed a complaint in a Georgia court that alleged American Century and McMasters had acted negligently and in bad faith by accepting the demand of the Dumases without requiring them to relinquish all claims against Carter. The Dumases sought as damages the difference between the consent judgment and Carter's policy limit.

American Century and McMasters removed the action filed by the Dumases to federal court based on diversity of citizenship. 28 U.S.C. § 1332. American Casualty and McMasters moved to dismiss McMasters and alleged that the Dumases had fraudulently joined McMasters to defeat diversity jurisdiction. The district court dismissed McMasters.

The district court consolidated the actions by American Century and the Dumases, and the parties agreed to submit a stipulation of facts to resolve the corresponding duties of American Century and Carter. The district court entered a judgment in favor of American Century. The district court concluded that American Century did not act in bad faith by failing to obtain a release for Carter because the Dumases had made clear they would not settle with Carter for the limits of her policy.

## II. STANDARD OF REVIEW

We review the decision to proceed with a declaratory judgment action for

5

abuse of discretion. <u>Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.</u>, 420 F.3d 1317, 1324 (11th Cir. 2005). "[W]hen employing an abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." <u>Id.</u> at 1325.

### III. DISCUSSION

The Dumases argue that American Century misused the process for obtaining a declaratory judgment by preempting a tort claim that should be resolved by a Georgia court, but we disagree. The district court was obliged to resolve an actual controversy within its jurisdiction. 28 U.S.C. § 2201; <u>Scott-Burr Stores Corp. v. Wilcox</u>, 194 F.2d 989, 990 (5th Cir. 1952).

We find no error in the judgment of the district court. American Century did not act in bad faith by failing to obtain a release for Carter, unless she could have settled with the Dumases within the policy limits and American Century "knew or reasonably should have known[] of this fact." <u>Delancy v. St. Paul Fire & Marine Ins. Co.</u>, 947 F.2d 1536, 1550 (11th Cir. 1991) (citing <u>Cotton States Mut. Ins. Co. v. Fields</u>, 106 Ga. App. 740, 741–42, 128 S.E.2d 358, 359 (1962), and <u>Alexander Underwriters Gen. Agency, Inc. v. Lovett</u>, 182 Ga. App. 769, 773, 357 S.E.2d 258, 262 (1987)). The Dumases told American Century on two occasions that it would

6

not release Carter of liability, regardless of whether American Century paid the policy limit.

## IV. CONCLUSION

The judgment in favor of American Century is **AFFIRMED**.